SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| WALTER A. DRESSLER, | ) Arizona Supreme Court |
| | ) No. CV-05-0119-PR |
| Plaintiff-Appellant, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CV 03-0785 |
| DONA MORRISON fka DONA M. | ) |
| DRESSLER, a single woman, | ) Maricopa County |
| individually and as trustee, | ) Superior Court |
| DONA DRESSLER REAL ESTATE TRUST, | ) No. CV 03-012110 |
| | ) |
| Defendant-Appellee. | ) |
| | ) **O P I N I O N** |
| _____ | ) |

Appeal from the Superior Court of Maricopa County
The Honorable Peter C. Reinstein

**REVERSED IN PART AND REMANDED**
_____

Memorandum Decision of the Court of Appeals, Division One
Filed March 8, 2005

**VACATED IN PART**
_____

GILBERT B. WEINER, P.C.                                         Phoenix
      By Gilbert B. Weiner
Attorney for Walter A. Dressler

CATES, HANSON, SARGEANT & RAKESTRAW, P.L.C.                     Phoenix
      By Leslie Rakestraw
         Dwane M. Cates
         Michael R. Karber
Attorneys for Dona Morrison
_____

**M c G R E G O R**, Chief Justice

¶1        Walter A. Dressler brought this action against Dona
Morrison, his former wife, to recover his share of community

property that he alleged she fraudulently induced him to transfer to her separate property trust. The trial court dismissed Dressler's action pursuant to Arizona Rule of Civil Procedure 12(b),[1] holding that Dressler should have filed a Rule 60(c)[2] motion in the dissolution proceedings. The court of appeals affirmed, concluding that the domestic relations court provided the proper forum for resolving Dressler's claim. We hold that a party who claims to be a tenant in common with a former spouse may bring a separate civil action to obtain relief when a dissolution decree fails to mention or does not dispose of real property.

## I.

¶2    Because the trial court dismissed Dressler's action pursuant to a Rule 12(b) motion, we assume the facts alleged in the complaint are true. *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996).

¶3    According to the complaint, Dressler and Morrison were married on January 20, 1980, in Jamaica. Dressler is originally from Germany and has an eight-year grammar school education and

---

[1]    Unless otherwise indicated, citations in this opinion to "Rule ___" refer to the Arizona Rules of Civil Procedure.

[2]    Rule 60(c) allows a court to relieve a party from final judgment for the following reasons: (1) mistake, (2) newly discovered evidence, (3) fraud or misrepresentation, (4) void judgment, (5) satisfied, released, or discharged judgment, or

2

a three-year trade school education.  Morrison was born in the United States and has an undergraduate and a graduate degree.

¶4       Throughout the course of the marriage, Morrison managed and controlled the marital finances and business interests.  In 1993, Dressler and Morrison, as husband and wife, purchased real property in Westerville, Ohio, located at 892 Tradewind Drive.  Two years later, the couple purchased real property at 1034 Crosshaven Court in Westerville.  The two Westerville properties (the Properties) constituted a considerable portion of the parties' net worth.

¶5       At Morrison's suggestion, the couple employed attorney Scott A. Smith to prepare estate planning trusts for them.  In December 1998, Smith prepared two trusts, known as the Walter A. Dressler Living Trust and the Dona M. Dressler Living Trust.  The Properties were conveyed to these trusts through four recorded deeds.  In April 1999, Morrison moved to Fountain Hills, Arizona, and Dressler followed in August.  They continued to maintain title in the Properties through the trusts while residing in Arizona.

¶6       Some time later, Morrison informed Dressler that, because of insurance coverage issues, he needed to sign two deeds involving the Properties.  Dressler, noting that his

_____
(6) any other reason justifying relief from the operation of the judgment.

estate planning lawyer had prepared the deeds, signed them. These two deeds conveyed the Properties to a new entity, the Dona Morrison Real Estate Trust, a revocable trust in which Morrison is the sole beneficiary and trustee and her nephew, Duncan Pelly, is the sole remainder beneficiary.

¶7 Morrison recorded the deeds in Franklin County, Ohio on June 22, 2000. Two months later, she filed for dissolution of marriage in Arizona. Dressler accepted service of process but took no further action. Morrison filed a notice of default against Dressler on October 23, 2000, and the court entered a decree of dissolution on December 7, 2000.

¶8 Under the terms of the decree, the court awarded Morrison and Dressler their sole and separate property and awarded the marital residence to Morrison. Because the residence was community property, the court awarded Dressler half the total equity of the residence in a lump sum payment of $76,813.00. As both parties recognize, although the decree specifically referred to the Walter A. Dressler Living Trust and to the Dona M. Dressler Living Trust, it made no mention of the Dona Morrison Real Estate Trust, to which Morrison allegedly transferred the Properties.[3] The decree also failed to mention

---

[3] The decree did award Morrison, as her sole and separate property, retirement accounts held in her name, an automobile, and gifts from her grandmother, including a dining room suite, silver, china, sofa, and chairs. The decree awarded Dressler,

4

or describe the Properties, as required by Arizona Revised Statutes (A.R.S.) § 25-318.D (Supp. 2005) (stating that "[t]he decree or judgment shall specifically describe by legal description any real property affected and shall specifically describe any other property affected").[4]

¶9    In June 2003, Dressler filed this civil action against Morrison, the Dona Morrison Real Estate Trust, and Duncan Pelly alleging fraud, constructive fraud, unjust enrichment, constructive trust, negligent misrepresentation, and fraudulent transfer. Dressler later amended his complaint to add counts for breach of fiduciary duty, quiet title, and sale in lieu of partition. In response, Morrison moved to dismiss the complaint pursuant to Rule 12(b). The trial court granted the motion to dismiss, stating that Dressler's claims regarding the Properties "would have been appropriate for a Rule 60(c) . . . Motion filed in the dissolution proceedings" and that "[i]f [Dressler] wishes to modify or overturn the above decree, [he] should file the appropriate motion pursuant to Rule 60(c)."

_____

as his sole and separate property, retirement accounts held in his name and an automobile.

[4]    The decree did provide a legal description for the community residence.

5

¶10     Dressler appealed the trial court's decision.[5]  The court of appeals affirmed the trial court's dismissal of Dressler's complaint in a memorandum decision.  We granted review to determine whether a party may bring a separate civil action for relief, rather than file a Rule 60(c) motion, when the party alleges ownership in real property not disposed of in a dissolution decree.[6]  We exercise jurisdiction pursuant to Article 6, Section 5.3 of the Arizona Constitution.

## II.

¶11     We review an order granting a motion to dismiss for abuse of discretion, *Franzi v. Superior Court*, 139 Ariz. 556, 561, 679 P.2d 1043, 1048 (1984), and review issues of law, including issues of statutory interpretation, de novo, *State ex rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, 523 ¶ 7, 115 P.3d 116, 117 (2005).  We will "uphold dismissal only if the plaintiff[] would not be entitled to relief under any facts susceptible of proof in the statement of the claim."  *Mohave Disposal, Inc.*, 186 Ariz. at 346, 922 P.2d at 311.

---

[5]     Dressler later filed a Rule 60(c) motion in the dissolution proceedings, DR2000-095386.  That action has been stayed pending resolution of this appeal.

[6]     Although the trial court judgment and the court of appeals' decision affirming that judgment applied to all of Dressler's claims, his petition for review in this Court challenged only the holding that his claim pertaining to community property not addressed in the decree must be brought through a Rule 60(c) motion.  Accordingly, we resolve only that issue.

6

¶**12**      Section 25-318.B (2000 & Supp. 2005) states that "[t]he community, joint tenancy and other property held in common for which no provision is made in the decree shall be from the date of the decree held by the parties as tenants in common, each possessed of an undivided one-half interest." Dressler argues that because the dissolution decree did not address the Properties, he and Morrison became tenants in common in the property under the terms of section 25-318.B. Accordingly, he asserts that he should be permitted to bring a separate civil action, not to reopen or alter the terms of the dissolution decree, but rather to establish his rights as a co-tenant in property he alleges belonged to the marital community.

¶**13**      Arizona case law supports Dressler's position. Earlier decisions from Arizona's appellate courts have applied section 25-318.B or its statutory predecessor and allowed a party to bring a civil action to determine ownership rights in real property alleged to belong to a former marital community but not awarded in the dissolution action.  For example, in *Dawson v. McNaney*, this Court allowed a divorced wife to proceed in a separate action against her former husband to recover a one-half interest in certain real and personal property that was not disposed of in a prior divorce decree.  71 Ariz. 79, 83, 223 P.2d 907, 909 (1950).  Applying Arizona Code § 27-805 (1939),

the statutory predecessor to A.R.S. § 25-318.B, we held that because "no property or property rights were mentioned in the divorce proceedings and judgment," the former spouses held the property as tenants in common. *Id.* Consequently, we allowed the plaintiff to bring a separate civil action against her former husband. *Id.*

¶14    Similarly, in *Bates v. Bates*, the plaintiff filed a lawsuit against her former husband, claiming that he had concealed community property at the time of the couple's divorce and that she was entitled to a one-half interest in the property as a tenant in common. 1 Ariz. App. 165, 166-67, 400 P.2d 593, 594-95 (1965). The trial court dismissed the case as "a collateral attack on the original judgment." *Id.* at 167, 400 P.2d at 595. Although the court of appeals did not decide the tenancy in common issue, the court cited section 25-318.D (corresponding to current subsection B) as a basis for permitting the plaintiff to impeach a valid divorce decree for extrinsic fraud and to establish her share in undistributed community property. *Id.* at 169-70, 400 P.2d at 597-98. The court also held that the action was not barred by the doctrine of claim preclusion. *Id.* at 170, 400 P.2d at 598. Importantly, as the court noted, the plaintiff's action did not attack the finality of the dissolution decree itself. *Id.* at 168, 400 P.2d at 596; *see also Carpenter v. Carpenter*, 150 Ariz. 62, 65, 722

8

P.2d 230, 233 (1986) (reviewing action brought by former wife for her community property interest in retirement benefits not disposed of by divorce decree or separate property settlement); *Rothman v. Rumbeck*, 54 Ariz. 443, 444-46, 96 P.2d 755, 755-56 (1939) (plaintiff proceeded in a separate civil action against her former husband's estate for premiums paid by the community during coverture on a life insurance policy) (applying Arizona Revised Code § 2182 (1928)); *Fischer v. Sommer*, 160 Ariz. 530, 532-33, 774 P.2d 834, 836-37 (App. 1989) (noting that this Court has never "state[d] or impl[ied] that Rule 60(c) is the *sole* method by which a spouse can seek post-decree contribution for an unallocated community debt" and permitting a separate action to require contribution to payment of a community debt discovered after entry of decree). Applying these decisions, then, a party can bring a separate action to determine ownership in what he characterizes as community property not disposed of in the decree, at least when the separate action does not attack the finality of the decree.

**B.**

¶15     Morrison suggests that, regardless of our prior decisions, the doctrine of claim preclusion, or res judicata, should prohibit Dressler from bringing this action because his claims should have been resolved in the dissolution proceeding. Under the doctrine of claim preclusion, a final judgment on the

9

merits in a prior suit involving the same parties or their privies bars a second suit based on the same claim. *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). We conclude that prior decisions of this Court and the court of appeals correctly held that the doctrine of claim preclusion does not apply to bar actions such as Dressler's.

¶16     The purpose of section 25-318 is "to provide a standard for the [equitable] disposition of community and common property in [] dissolution proceeding[s]." *Martin v. Martin*, 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988). Consistent with this intent, the legislature enacted section 25-318.B to ensure the equitable division of community property "for which no provision [was] made in the [dissolution] decree." The legislature thus specifically contemplated that, contrary to general principles of claim preclusion, dissolution decrees might not provide for the disposition of all community property. The legislature also specified a remedy for that circumstance: Former spouses will hold the property as tenants in common. The remedy provided by statute would have little force if a party were foreclosed from bringing an action based on claim preclusion. Moreover, bringing a separate action to enforce section 25-318.B does not impair the finality of the dissolution decree:     All the terms of that decree remain valid and enforceable.     If Dressler prevails in his action based on co-

10

tenancy, that result will be entirely consistent with the decree.

¶17      Other jurisdictions similarly have concluded that the doctrine of claim preclusion does not bar a subsequent claim that involves property rights not adjudicated in a dissolution decree. *See, e.g.*, *Tarien v. Katz*, 15 P.2d 493, 495 (Cal. 1932) (holding that when a final divorce decree failed to dispose of community property, a former spouse's right to that property can be determined in a subsequent action, not barred by claim preclusion); *Yeo v. Yeo*, 581 S.W.2d 734, 736 (Tex. Civ. App. 1979) (holding that a "partition of community property not disposed of in the prior divorce decree is not barred by the doctrine of res judicata").   In accord with these and prior Arizona decisions, we hold that the doctrine of claim preclusion does not bar Dressler's co-tenancy action.[7]

## C.

¶18      Because the trial court dismissed Dressler's action pursuant to Rule 12(b), Dressler has yet to establish the facts necessary to prevail on his claim that the Properties, which the dissolution decree did not address, were, indeed, community

---

[7]    In his petition for review, Dressler also asked us to consider and define the circumstances under which the provisions of Rule 60(c) prohibit an independent post-decree action between former spouses and mandate a reopening of the dissolution proceeding.  Given our resolution of the first issue presented, we need not address this issue.

11

property and that he and Morrison hold them as tenants in common. *See* A.R.S. § 25-318.B. The trial court also has not yet considered the various defenses asserted by Morrison. We therefore remand this matter to permit the trial court to resolve those issues related to Dressler's co-tenancy claim.

## III.

¶19    For the foregoing reasons, we vacate that portion of the court of appeals' memorandum decision that required Dressler to bring his co-tenancy claim as a Rule 60(c) motion, reverse in part the judgment of the superior court, and remand to the superior court for further proceedings consistent with this opinion.

_____
Ruth V. McGregor
Chief Justice

CONCURRING:

_____
Rebecca White Berch, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice

_____
W. Scott Bales, Justice

12