314 P.3d 1277

**Dr. Robert P. DREW and Sheila King, husband and wife, Plaintiffs/Appellants,**

v.

**PRESCOTT UNIFIED SCHOOL DISTRICT, a political subdivision of the State of Arizona; Shari Bayomi and John Doe Bayomi, wife and husband, Defendants/Appellees.**

**No. 1 CA–CV 12–0820.**

Court of Appeals of Arizona.

Nov. 26, 2013.

Hymson Goldstein & Pantiliat, P.L.L.C., Scottsdale By Eddie A. Pantiliat, Lori N. Brown, for Plaintiffs/Appellants.

Holm Wright Hyde & Hays, P.L.C., Phoenix By Matthew W. Wright, David K. Pauole, for Defendants/Appellees.

## OPINION

WINTHROP, Presiding Judge.

¶ 1 Before a public entity properly can be sued for damages, a notice of claim that complies in all respects with Arizona Revised Statutes ("A.R.S.") section 12–821.01 [1] first must be served. Pertinent to this appeal, the statute requires the claimant to provide a sum-certain offer that, if accepted, will settle the claim. In this opinion, we hold that, absent an earlier response from the public entity, § 12–821.01(E) requires the settlement offer contained in the notice to be held open for sixty days. Because the notice of claim in this case unilaterally withdrew the offer after only fifteen days, the notice did not comply with the statute. Accordingly, we affirm the superior court's entry of judgment in favor of the governmental defendants.

## PROCEDURAL AND FACTUAL BACKGROUND

¶ 2 Dr. Robert P. Drew and Sheila King (collectively "Plaintiffs") offer speech therapy services through their business, Arizona Speech & Hearing Professionals, L.L.C. ("ASHP"). In 2010, Plaintiffs submitted a bid in response to the Prescott Unified School District's request for proposal to provide professional special education services. ASHP made the District's list of approved service providers for the 2010–11 school year and was awarded "a possible five-year term of contract," renewable on an annual basis.

¶ 3 On May 27, 2011, a District superintendent acted to exclude Plaintiffs from the District's grounds, ostensibly because they had verbally intimidated other special education service providers. Although the Dis-

---

1. We cite the current version of the statutes throughout this opinion because no changes material to our decision have occurred.

trict's governing board subsequently approved renewal of ASHP's contract for the 2011–12 school year, Shari Bayomi, the District's special education director, allegedly intercepted the renewal letter and instructed the District not to renew ASHP's contract. After learning of Bayomi's alleged actions in September 2011, Plaintiffs protested and retained legal counsel to pursue claims against the District and Bayomi (collectively "Defendants").

¶ 4 On December 15, 2011, Plaintiffs served the District with a notice of claim stating they planned to seek damages totaling $921,600 and offering to accept a settlement in the amount of $120,200 plus reinstatement of their status as a service provider. That same day, Plaintiffs mailed a copy of the letter to Bayomi, who received it on December 20, 2011. The letter, dated December 15, stated that Plaintiffs' settlement offer would "remain open until **December 30, 2011,** unless earlier withdrawn." (Emphasis in original.) [2]

¶ 5 In March 2012, Plaintiffs filed their complaint against Defendants. Defendants moved to dismiss the complaint for failure to comply with A.R.S. § 12–821.01, arguing in part that, because the notice of claim had not allowed them the sixty days contemplated by § 12–821.01(E) in which to respond, they had not received a realistic and meaningful opportunity to investigate the claim and make a decision regarding settlement before the offer was withdrawn per its express terms.

¶ 6 The superior court granted the motion to dismiss, concluding that Plaintiffs' claims were barred because the notice of claim, by its own terms, unilaterally shortened the sixty-day period provided in A.R.S. § 12–821.01(E). Pursuant to A.R.S. § 12–2101(A)(1), we have jurisdiction over Plaintiffs' timely appeal of the resulting judgment dismissing their complaint with prejudice.

## ANALYSIS

◼ ¶ 7 Plaintiffs attached exhibits to their response to Defendants' motion to dismiss, and Defendants referenced those exhibits in their reply. Because matters outside the pleadings were presented to and not excluded by the superior court, the court should have construed the motion to dismiss as a motion for summary judgment. *See* Ariz. R. Civ. P. 12(b); *Frey v. Stoneman,* 150 Ariz. 106, 108–09, 722 P.2d 274, 276–77 (1986). In our review, we treat the motion to dismiss as a motion for summary judgment.

¶ 8 In reviewing the grant of a motion for summary judgment, we construe the facts and reasonable inferences in the light most favorable to the opposing party and will affirm only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund,* 201 Ariz. 474, 482, ¶¶ 13–14, 38 P.3d 12, 20 (2002); *Orme Sch. v. Reeves,* 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We review *de novo* issues of statutory interpretation and the court's application of the law. *Dressler v. Morrison,* 212 Ariz. 279, 281, ¶ 11, 130 P.3d 978, 980 (2006); *State Comp. Fund v. Yellow Cab Co.,* 197 Ariz. 120, 122, ¶ 5, 3 P.3d 1040, 1042 (App.1999).

¶ 9 In construing a statute, we seek to honor the legislative intent. *Yollin v. City of Glendale,* 219 Ariz. 24, 27, ¶ 7, 191 P.3d 1040, 1043 (App.2008). The best and most reliable indicator of legislative intent is the statute's plain language. *Id.* at 27–28, ¶ 7, 191 P.3d at 1043–44. If the language is unclear, we may infer meaning from the statute's purpose, while still giving effect to the statutory scheme. *Id.* at 28, ¶ 7, 191 P.3d at 1044.

¶ 10 Under A.R.S. § 12–821.01(A), persons with a claim against a public entity or public employee must file that claim with a person authorized to accept service within 180 days after the cause of action accrues. The claim

---

**2.** According to the District, much of the December 15–30 period coincided with the District's scheduled holiday break. The District office closed sometime on or before December 23, and remained closed through the end of the calendar year. *See generally* A.R.S. § 15–801(B) (providing that "[g]overning boards of school districts

may declare a recess during the Christmas holiday season of not to exceed two school weeks"). Arguably then, although Plaintiffs purported to grant a fifteen-day period for the District to evaluate their claim, as a practical matter, the District had much less time in which to investigate the claim and consider the appropriate course.

must "contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed," and provide "a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12–821.01(A); *see also Backus v. State*, 220 Ariz. 101, 106–07, ¶ 23, 203 P.3d 499, 504–05 (2009) (holding the claimant is required to supply only those facts the claimant deems sufficient to support the claim); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 9, 152 P.3d 490, 493 (2007) (requiring that a claimant "include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim"). The claim "is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days." A.R.S. § 12–821.01(E).

¶ 11 The requirements set forth in A.R.S. § 12–821.01 exist to "allow the public entity to investigate and assess liability, ... permit the possibility of settlement prior to litigation, and ... assist the public entity in financial planning and budgeting." *Backus*, 220 Ariz. at 104, ¶ 10, 203 P.3d at 502 (quoting *Deer Valley*, 214 Ariz. at 295, ¶ 6, 152 P.3d at 492); *accord Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 9, 144 P.3d 1254, 1256 (2006) (quoting *Martineau v. Maricopa County*, 207 Ariz. 332, 335–36, ¶ 19, 86 P.3d 912, 915–16 (App.2004)); *Yollin*, 219 Ariz. at 28–29, ¶ 11, 191 P.3d at 1044–45.

¶ 12 Subsection (E) of the statute plainly states that the claim—which necessarily includes the claimant's specific offer to accept a sum certain in settlement—is not deemed denied until sixty days after filing unless the public entity denies the claim in writing before the sixty-day period expires. A.R.S. § 12–821.01(E). The legislature has allocated sixty days as a reasonable period of

time for the government to investigate and determine an appropriate response or course of action. The statute provides that the public entity can shorten the sixty-day period by acting sooner, but does not contain any language suggesting that a claimant can unilaterally shorten the statutory period. Consequently, in the absence of a written denial by the public entity, the settlement offer contained in the notice of claim must remain open for sixty days to comply with the statute and allow time for investigation and assessment of the claim.

¶ 13 In this case, Plaintiffs failed to make a settlement offer that complied with A.R.S. § 12–821.01 because their offer explicitly lapsed after no more than fifteen days. On December 15, 2011, Plaintiffs' legal counsel prepared a notice of claim addressed to Defendants. The District received the document that same day, and Bayomi received it on December 20. The notice of claim included a specific settlement offer, but it also emphasized that the offer would only remain open until December 30, 2011, while also reserving Plaintiffs' right to withdraw it sooner. Thus, by its own terms, the settlement offer contained in the notice of claim expired no later than December 30, 2011.

¶ 14 Defendants therefore only had until December 30, 2011, to accept the offer of settlement contained in the notice of claim. After that date, the offer was deemed withdrawn and could not be accepted. *See* Restatement (Second) of Contracts § 41(1) (1981) ("An offeree's power of acceptance is terminated at the time specified in the offer....").[3] The clear language of A.R.S. § 12–821.01(E), however, gives a public entity or employee sixty days to evaluate and decide whether to accept or otherwise respond to the settlement offer contained in a notice of claim. As noted, only the public entity or employee has the option of reducing the statutory sixty-day period by denying the

---

**3.** We reject any argument that the notice of claim containing Plaintiffs' settlement offer may be deemed effective by simply voiding the language causing the offer to expire on December 30, 2011. *Cf. Valley Nat'l Bank of Phoenix v. Shumway*, 63 Ariz. 490, 496, 163 P.2d 676, 678 (1945) (stating that "courts cannot make contracts for the parties" (citations omitted)); *Min-*

*ing Inv. Group, LLC v. Roberts*, 217 Ariz. 635, 639, ¶ 16, 177 P.3d 1207, 1211 (App.2008) (stating that where a party's intent "is expressed in clear and unambiguous language, there is no need or room for construction or interpretation and a court may not resort thereto" (citations omitted)).

claim before the expiration of sixty days. *See* A.R.S. § 12–821.01(E). Defendants, however, did not deny or respond to the claim before the offer of settlement expired, and by allowing Defendants no more than fifteen days to investigate, consider, and possibly settle the claim, Plaintiffs failed to comply with the language and purpose of the notice of claim statute. *See Deer Valley*, 214 Ariz. at 296, ¶ 9, 152 P.3d at 493 (recognizing that the "statutory mandates ensure that government entities will be able to realistically consider a claim").

¶ 15 Plaintiffs maintain the statute only requires that claimants provide notice of their claim to the government entity and wait sixty days before bringing suit, and they argue that they complied by waiting more than sixty days before filing their complaint. Plaintiffs' argument presumes the statute's only purpose is notice, a presumption we reject. *See generally Falcon*, 213 Ariz. at 527, ¶ 10, 144 P.3d at 1256 ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12–821.01(A)." (citing *Martineau*, 207 Ariz. at 335, ¶¶ 15, 17, 86 P.3d at 915)). As our supreme court has recognized, the statute's purposes include allowing public entities and employees the opportunity to realistically and meaningfully investigate and assess a claim, and determine whether to settle and possibly avoid litigation altogether. *See Backus*, 220 Ariz. at 105–06, ¶ 17, 203 P.3d at 503–04 ("Armed with that information, the public entity can decide whether and how to investigate the claim, at what level of damages to attempt to resolve the claim, and how to take the claim into account in planning and budgeting activities."); *Deer Valley*, 214 Ariz. at 295–96, ¶¶ 6, 9, 152 P.3d at 492–93; *see also Yollin*, 219 Ariz. at 29, ¶ 11, 191 P.3d at 1045. Moreover, adopting Plaintiffs' argument would effectively void the statutory requirement that a claim contain a specific settlement amount by allowing claimants to revoke that offer before the government entity can make a reasonable assessment and determination regarding the offer.

¶ 16 Plaintiffs also argue that if Defendants needed additional time to investigate and assess the notice of claim, Defendants "could have asked for it," and that, after Plaintiffs' offer had expired on December 30, Defendants should have taken steps to nevertheless accept the revoked offer or make their own settlement offer. Plaintiffs therefore maintain that "Defendants essentially set a trap for Plaintiffs" and should be deemed to have waived their notice of claim defense by not sooner asserting it. Assuming without deciding that Plaintiffs have not waived any of these arguments by failing to previously raise or properly preserve them, we reject Plaintiffs' attempt to shift the burden of statutory compliance to Defendants, and we find no support in the record for a waiver of Defendants' notice of claim defense by their pre-litigation conduct. As Plaintiffs' argument recognizes, the notice of claim statute clearly places the burden on the claimant to make a statutorily compliant settlement offer. *See* A.R.S. § 12–821.01(A). Because Plaintiffs' notice of claim did not fully comply with A.R.S. § 12–821.01, Plaintiffs' claims are barred. *See Deer Valley*, 214 Ariz. at 295, ¶ 6, 152 P.3d at 492.

¶ 17 Both sides request attorneys' fees on appeal pursuant to A.R.S. § 12–341.01. Plaintiffs are not the successful party, and their request is denied. Further, in our discretion, we decline to award attorneys' fees to Defendants, but we award Defendants their costs, contingent on their compliance with Rule 21, ARCAP.

## CONCLUSION

¶ 18 To comply with A.R.S. § 12–821.01, a claimant's settlement offer must remain open for sixty days unless the public entity or employee denies the claim before the sixty-day period expires. In this case, neither the public entity nor the public employee denied the claim, and Plaintiffs withdrew their settlement offer after no more than fifteen days. Consequently, Plaintiffs' notice of claim did not comply with A.R.S. § 12–821.01. We therefore affirm the superior court's judgment dismissing Plaintiffs' case.

Presiding Judge LAWRENCE F. WINTHROP delivered the opinion of the

Court, in which Judge MARGARET H. DOWNIE and Judge JON W. THOMPSON joined.