NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

In re the Marriage of: PAUL ROBERT WRIGHT, *Petitioner/Appellee*,

*v.*

JENNIFER WRIGHT, *Respondent/Appellant*.

No. 1 CA-CV 13-0761 FC

FILED 3-26-2015

_____

Appeal from the Superior Court in Maricopa County
No. FC2011-050271
The Honorable Carey Snyder Hyatt, Judge

**REVERSED AND REMANDED**

_____

COUNSEL

Korbin Steiner & Marquis, Scottsdale
By Stanley David Murray, Ronee Korbin Steiner
*Counsel for Petitioner/Appellee*

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire, Maxwell Mahoney
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

_____

**G E M M I L L**, Judge:

¶1            Jennifer Wright ("Wife") appeals the trial court's dismissal of her petition to divide community property not disposed of in the marital dissolution decree between her and Paul Robert Wright ("Husband").  For the reasons that follow, we reverse the trial court's dismissal and remand for further consideration.

**FACTS**

¶2            Husband and Wife were married in 1999.  In 2010, they decided to divorce and employed a third-party mediation service to help draft a dissolution decree ending the marriage and distributing the couple's assets.  This decree was entered on March 29, 2011.

¶3            When Husband's mother passed away in 2009, Husband was the beneficiary of $500,000 in proceeds from her life insurance policy.  Upon receiving those funds, Husband placed $100,000 into each of two 529 Accounts[1] for the couple's two children.  Husband then used the remaining $300,000 to make loans to his girlfriend and his employer.  These loans are still outstanding.  Wife claims that at the time the dissolution decree was entered, she was unaware of any such loans made by Husband.  Wife also claims that Husband told her these insurance proceeds were an inheritance, and therefore Husband's separate property.

¶4            Accordingly, on September 22, 2011, Wife filed a motion to set aside the decree under Arizona Family Rule of Procedure ("Rule") 85(C)(1)(c), claiming that Husband made fraudulent misrepresentations, including misrepresentations about the nature and distribution of the insurance proceeds, and that she was induced into entering into the decree as a result.  The court held a hearing on Wife's motion on March 6, 2013.  Explaining that Wife was unable to show that Husband engaged in fraud or that Wife reasonably relied on any alleged misrepresentations made by Husband, the family court denied Wife's motion to set aside the decree in a signed minute entry filed March 14, 2013.

¶5            On March 28, 2013, Wife filed a separate petition to divide assets not included in the dissolution decree under Arizona Revised Statutes ("A.R.S.") section 25–318(D).  In that petition, Wife alleged that the life insurance proceeds were community property because the insurance

---

[1]  A 529 Account is a tax-advantaged savings account used to help save money for college or other post-secondary education.

premiums were paid with community funds.  She further contended that the accounts payable from the outstanding loans made by Husband constitute community property, and that this community property was not distributed by the dissolution decree.  Husband filed a motion to dismiss Wife's petition for failure to state a claim under Rule 32(B)(6), arguing that the petition was barred by issue preclusion or by claim preclusion.  The family court agreed with Husband, and in a minute entry filed October 23, 2013, it denied Wife's petition to divide assets as barred by both issue and claim preclusion.

**¶6**　　　　Wife timely appealed the family court's dismissal of her petition.  This court has jurisdiction under A.R.S. § 12-2101(A)(1).

## ANALYSIS

I.　　Issue Preclusion

**¶7**　　　　Wife argues that the distribution of life insurance proceeds as community property was never litigated, and that she had no opportunity or motivation to litigate that issue.  As such, she claims that the trial court erred in applying the doctrine of issue preclusion to dismiss her petition to divide assets.  We review de novo the application of issue preclusion. *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 240, 934 P.2d 801, 804 (App. 1997).

**¶8**　　　　Issue preclusion bars re-trial of an issue decided in a previous lawsuit when there is a common identity of parties, the issue was actually litigated, a valid, final decision on the merits of the issue was entered, and the resolution of the issue was essential to the decision. *Campbell v. SLZ Properties, Ltd.*, 204 Ariz. 221, 223, ¶ 9, 62 P.3d 966, 968 (App. 2003).  For an issue to be actually litigated, the parties must have a "full and fair opportunity" to argue its merits. *Corbett v. ManorCare of America, Inc.*, 213 Ariz. 618, 626, ¶ 22, 146 P.3d 1027, 1035 (App. 2006).  An issue is "actually litigated" when it is "properly raised by the pleadings or otherwise, and is submitted for determination, and is determined[.]"  Restatement (Second) of Judgments § 27 cmt. d (1982); *see Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986)

**¶9**　　　　Here, Husband argues that the proper distribution of the life insurance proceeds was actually litigated, and should have been litigated, as an issue in the Rule 85 proceedings.  It is true that Wife's claims were discussed during the March 6 hearing on Wife's Rule 85 motion.  During that hearing, the court engaged in the following dialogue with Wife's attorney:

THE COURT: Your claim here on this cash value is we're entitled to $150,000? . . . . Because if it was not an inheritance it's community property, correct?

WIFE'S COUNSEL: We are asserting two grounds to set aside the decree; one is newly --

THE COURT: I -- listen to me. The cash value of a life insurance, that discrete issue -- your claim is for $150,000, correct?

WIFE'S COUNSEL: As it -- well, there was $300,000 of undisclosed assets --

THE COURT: Right.

WIFE'S COUNSEL: -- so it would be for 150, correct.

THE COURT: And you claim -- you claim because it was not an inheritance, because it was community property -- effectively what you're saying is this is money that we are entitled to and we didn't get, so you want a judgment for $150,000, right?

WIFE'S COUNSEL: We want the -- we want the opportunity to set aside the decree and re -- basically retry the issues as to the financial aspects of the decree. There was additional --

THE COURT: Well, you don't get a new trial -- if I were to rule that the evidence today convinces me this was community property, what stops me from entering a judgment in your favor for $150,000?

WIFE'S COUNSEL: You --

THE COURT: Why do you need to try that?

WIFE'S COUNSEL: Your Honor, our issue in this case is that there was -- are there grounds for setting aside this decree as fraud, misrepresentations and basically omissions that were made.

THE COURT: Right.

WIFE'S COUNSEL: There was material misrepresentations that basically made the entire decree as far as the financial portion --

THE COURT: No, we're talking about four issues here. You don't -- you don't get to say if I prove any one of these four issues we throw out the entire decree. What you're effectively saying is on the cash value issue is the decree, what the decree reflects as fraudulently induced, and we're in effect entitled to a modification. The modification is we should get $150,000. Why is that incorrect?

WIFE'S COUNSEL: The misrepresentations also affected the -- the spousal maintenance and other property --

THE COURT: We'll get -- we'll get to those. Those are different issues.

WIFE'S COUNSEL: Those are the other -- those are the other financial items we're looking --

THE COURT: Right.

WIFE'S COUNSEL: -- to set aside.

THE COURT: Right. But why -- you don't need a –- if I'm convinced that this is community property, why do you need a trial to establish that it's community property?

WIFE'S COUNSEL: Our position is that the entire mediation would have been different had she been aware that this money was something she was entitled to.

This discussion about the hypothetical distribution of the insurance proceeds fell short of actual litigation of that issue. *See, e.g.*, *Corbett*, 213 Ariz. at 626, ¶ 22, 146 P.3d at 1035. Furthermore, the final ruling of the court denying Wife's Rule 85 motion did not account for or determine the proper distribution of the insurance proceeds. Instead, that ruling, as well as a subsequent minute entry clarifying the ruling, properly focused on Wife's inability to prove that Husband made fraudulent misrepresentations or that she relied on those misrepresentations when entering into the dissolution agreement. Wife's motion for reconsideration following the denial of her Rule 85 motion similarly focused on Husband's alleged fraud and misrepresentation, not on the requested distribution of this particular

property. Accordingly, the characterization and distribution of the life insurance proceeds was not actually litigated in the Rule 85 proceedings.

¶10 Husband also argues that, even if the issue was not actually litigated, allowing Wife to bring a separate petition to divide this asset would impede the finality of this court's judgments. Although this court recognizes the public policy of strong respect for the finality of judgments, *Panzino v. City of Phoenix*, 196 Ariz. 442, 448, 999 P.2d 198, 204 (2000), Wife's action under A.R.S. § 25-318(D) does not challenge the finality of the dissolution decree as a whole or the denial of her Rule 85 motion, *see Dressler v. Morrison*, 212 Ariz. 279, 282, ¶ 16, 130 P.3d 978, 981 (2006). Instead, such an action seeks to establish rights in property not awarded in the dissolution decree. *Id.* at 281, ¶ 12, 130 P.3d at 281. We conclude Wife is not barred from bringing an action to determine ownership rights in the asset when she is not challenging the finality of the entire decree.

¶11 Accordingly, the issue of whether the life insurance proceeds should be distributed as community property was not fully litigated in the Rule 85 proceedings. Wife did not, and was not required, to litigate the distribution of the insurance proceeds in the context of a Rule 85 motion. The court erred in holding that Wife was precluded from bringing a later petition to divide assets.

II. Claim Preclusion

¶12 Wife also argues that the trial court erred when it held that her petition to divide was barred by claim preclusion. Claim preclusion prevents parties from re-litigating an issue once there has been a final judgment on that matter: "[u]nder the doctrine of claim preclusion, a final judgment on the merits in a prior suit involving the same parties . . . bars a second suit based on the same claim." *Dressler*, 212 Ariz. at 282, ¶ 15, 130 P.3d at 981. Wife asserts that her petition to divide under § 25-318(D) presents a claim separate and distinct from the claims in her Rule 85 motion, thereby making claim preclusion inapplicable. Because a question of law is presented, we review de novo the application of claim preclusion. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4, 189 P.3d 1102, 1104 (App. 2008).

¶13 We agree with Wife that the legal issues raised by the Rule 85 motion and the petition to divide are separate and distinct. A Rule 85 motion may seek to invalidate a dissolution decree because of the "fraud, misrepresentation, or other misconduct" of a party to the decree. ARFLP 85(C)(1)(c). This requires that the moving party provide evidence of fraudulent statements and reasonable reliance on those statements, and the

relief sought is the setting aside of the decree in its entirety. *Id.* On the other hand, a petition to divide an undisclosed asset under § 25-318(D) seeks to establish ownership rights in that property. Such an action requires only that there be community property which was not disposed of in the dissolution decree. A showing of fraud is not required, the evidence need not be newly-discovered, and the claim can be made at any time after the decree is entered. *See Cooper v. Cooper*, 167 Ariz. 482, 487, 808 P.2d 1234, 1239 (App. 1990) (dividing assets under § 25-318 even though both parties knew of the asset at the time the dissolution decree was entered). If a claim under § 25-318(D) is successful, the terms of the original decree remain in place, and the court simply provides for the distribution of property in accordance with the statutory requirements. *See Dressler*, 212 Ariz. at 282, ¶ 16, 130 P.3d at 981 (explaining that "a separate action to enforce [A.R.S. § 25-318(D)] does not impair the finality of the dissolution decree"). Accordingly, the two claims are not identical for the purposes of claim preclusion.

**¶14** Husband argues that because the evidence necessary to support Wife's claim under § 25-318(D) is identical to what she presented in support of her Rule 85 motion, Wife's complaint is barred by claim preclusion. At oral argument, Husband relied on the "same evidence" test applied by Arizona courts when determining whether a subsequent claim is so closely related to an initial claim as to be barred by res judicata. *See Phoenix Newspapers*, 188 Ariz. at 240, 934 P.2d at 804. Under that test, a "plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action." Restatement of Judgments § 61 (1942); *see Pettit*, 218 Ariz. at 532, ¶ 8, 189 P.3d at 1106; *see also Rousselle v. Jewett*, 101 Ariz. 510, 513, 421 P.2d 529, 532 (1966) ("The relevant test is not whether there has been a prior lawsuit, but whether the same cause of action, or one so closely related that its proof depends on the same facts, has once been litigated.")

**¶15** In this case, however, we need not employ the same evidence test to determine whether the claims are distinct. "For an action to be barred, it must be based on the same cause of action asserted in the prior proceeding." *Phoenix Newspapers*, 188 Ariz. at 240, 934 P.2d at 804. On its face, an action pursuant to § 25-318(D) is not identical to a motion under Rule 85. The purpose of an action under § 25-318 is to determine property rights and ownership. The purpose of an action based on Rule 85 is to set aside or invalidate a judgment. *See supra* ¶ 13. It is true that, in order to prove her claim under § 25-318(D), Wife will be required to present evidence that was presented at the Rule 85 hearing. The legal conclusions

to be drawn from that evidence, however, are not identical to those required to sustain a Rule 85 motion. The legal claims are distinct, notwithstanding the fact that they may be supported by similar factual findings.

**¶16** Because Wife's claims under § 25-318(D) are separate and distinct from her claims under Rule 85 and her claims under § 25-318(D) were not actually litigated below, the trial court erred in holding that Wife's petition to divide assets was precluded.

III. Attorney Fees

**¶17** The family court awarded Father attorney fees upon dismissal of Wife's petition. Because we vacate the family court's dismissal, we also set aside its award of attorney fees to Father.

**CONCLUSION**

**¶18** We hold only that issue and claim preclusion do not apply to bar Wife's petition to divide assets not included in the dissolution decree under A.R.S. § 25–318(D). We vacate the family court's denial of Wife's petition on those grounds and remand for further proceedings consistent with this decision. We express no opinion regarding whether Wife is ultimately entitled to relief.

**¶19** Both parties have requested attorney fees on appeal pursuant to A.R.S. § 25-324. In our discretion, we decline to award fees on appeal. Wife is entitled to recover statutory, taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

