NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ERIKA JACOBS, *Plaintiff/Appellant*,

*v.*

DENTAL CARE AT MOON VALLEY, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0551
FILED 9-1-2020

Appeal from the Superior Court in Maricopa County
No. CV 2018-014234
The Honorable Joseph C. Welty, Judge

**AFFIRMED**

APPEARANCES

Erika Jacobs, Broomfield, CO
*Plaintiff/Appellant*

Resnick & Louis PC, Scottsdale
By Carol M. Romano
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

---

**C A M P B E L L**, Judge:

**¶1**         Erika Jacobs appeals from the superior court's order dismissing her complaint against Dental Care at Moon Valley and Dr. Chad Hines (collectively "defendants"). Because Jacobs failed to respond timely to defendants' motion to dismiss, the court did not abuse its discretion by dismissing the complaint and we affirm.

## BACKGROUND

**¶2**         In September 2017, Jacobs sought dental services from defendants for tooth extraction, bone graft, fillings, and abscess draining. After defendants filled her cavities, they asked Jacobs to sign informed consent forms, allegedly after giving her injections, but before the tooth extraction. After Jacobs refused to sign the consent forms, defendants declined to perform the procedures.

**¶3**         In December 2017, Jacobs filed a complaint in a Maricopa County justice court alleging defendants were negligent, subjected her to unnecessary pain, and caused her to lose a day of work. Defendants filed a motion to dismiss the complaint for failure to state a claim. Jacobs did not file a response and the justice court dismissed her complaint.

**¶4**         In November 2018, Jacobs filed a complaint in superior court alleging that defendants were negligent, had defamed her, and had violated HIPPA. She sought $1500 in damages. Defendants filed a motion to dismiss the complaint pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6), arguing that the case was barred by the doctrine of res judicata and that jurisdiction in superior court was improper because Jacobs only sought $1500 in damages. *See* A.R.S. § 22-201(B) (justice court has exclusive jurisdiction in matters with less than $10,000 in controversy). Jacobs did not timely file a response.

**¶5**         Noting that Jacobs had not filed a response, the superior court summarily granted the motion to dismiss pursuant to Rule 7.1(b)(2).

Subsequently, Jacobs filed both an untimely response to the motion to dismiss and a motion objecting to the dismissal, which the court treated as motions for reconsideration. The court denied the motions. Jacobs filed a motion to reinstate the case, which the court also denied. Jacobs timely appealed.

## DISCUSSION

**¶6** On appeal, Jacobs argues that the superior court dismissed her complaint "due to mishandling and oversighted timely motions of objections sent in by [Jacobs] for processing." She argues that the superior court filed its order dismissing her complaint before her time to respond to the motion to dismiss had expired, and that the court acted unethically by granting the motion to dismiss. "We review an order granting a motion to dismiss for abuse of discretion." *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006).

**¶7** At the outset, we note that Jacobs's opening brief fails to comply with ARCAP 13(a). Specifically, her statements of the procedural path of the case and facts fail to include appropriate references to the record and the argument section of the brief fails to provide the applicable standard of appellate review and  appropriate citations to the record and to legal authority. *See* ARCAP 13(a)(4), (5), (7). We may dismiss an appeal when the appellant fails to comply with the rules. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 341–43 (App. 1984).

**¶8** Even if we overlook the deficiencies in the opening brief, however, we find no abuse of discretion. Without citation to the applicable rules of procedure, or to any legal authority, Jacobs argues that she had 30 days to file a response to the motion to dismiss and that her response was timely. We disagree. Defendants filed their motion to dismiss and mailed it to Jacobs on February 19, 2019. Rule  7.1(a)(3) provides that unless another rule applies, a response to a motion must be filed within 10 days after the motion was served. Jacobs admits she did not mail her response to the motion to dismiss to the superior court until March 20, 2019. The response was received and filed by the court on March 27, 2019. *See* Rule 5.1(b)(1) ("[A] document is deemed filed on the date the clerk receives and accepts it."). Because Jacobs's response was untimely the superior court did not err by dismissing her complaint or abuse its discretion in declining to reinstate the case. We therefore do not address the merits of the motion. *See Strategic Dev. and Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65, ¶ 17 (App. 2010).

## CONCLUSION

¶9         For the foregoing reasons, we affirm the superior court's dismissal of Jacobs's complaint.



AMY M. WOOD • Clerk of the Court
FILED:    AA