NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

In re the Marriage of:

ARLENE NATALE, *Petitioner/Appellee*,

*v.*

PAUL NATALE, *Respondent/Appellant*.

No. 1 CA-CV 12-0765
FILED 4-16-2014

---

Appeal from the Superior Court in Maricopa County
FN2010-090627
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

---

COUNSEL

Bishop & Martin Law Office, P.C., Phoenix
By William D. Bishop, Kristen A. Martin
*Counsel for Petitioner/Appellee*

The Murray Law Offices, P.C., Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Kent E. Cattani joined.

---

**G E M M I L L,** Judge:

¶1        Paul Natale ("Husband") appeals the family court's post-decree rulings regarding distribution of marital property and attorneys' fees.  In a separate, published opinion filed contemporaneously with this memorandum decision, we deny the motion filed by Arlene Natale ("Wife") to dismiss a portion of Husband's appeal for lack of jurisdiction. In this memorandum decision, we resolve the merits of Husband's appeal and, for the following reasons, we affirm the rulings of the family court.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife were married in 1976 in New Jersey. After their marriage, the Natales moved several times between 1976 and 1989 to pursue Husband's employment opportunities, until they settled in Scottsdale, Arizona.  Husband is a pilot for Southwest Airlines.  Wife has had part-time jobs but has primarily been a homemaker.  The parties have no minor children together.  Wife filed for dissolution in March 2010.

¶3        The former marital residence caught fire in September 2010 and was severely damaged.   Both parties were instructed to reside elsewhere during renovations.  The insurance company agreed to pay for the parties' housing during this time.  The parties scheduled arbitration with the insurance company in April 2011 and were informed that home renovations would take four additional months to complete.  As a result, the dissolution trial was continued to May 2011.  At the trial, the court addressed issues of spousal maintenance, the parties' Southwest Union Bank accounts, the disposition of parties' three cemetery plots, the marital residence, and attorneys' fees.

¶4        The court ruled that Wife was entitled to spousal maintenance pursuant to Arizona Revised Statutes ("A.R.S.") section 25-319, and ordered Husband to pay spousal maintenance in the amount of $4500 per month beginning March 1, 2011, for seven years.  The court divided the Southwest Credit Union bank account equally between the

2

parties, and awarded Wife the cemetery plots. The court did not resolve the disposition of the marital residence because it was still under renovation. The court also stated that it would award Wife a portion of her reasonable attorneys' fees and costs.

¶5　　　　Husband and Wife subsequently hired an appraiser, who valued the residence at $685,000. After subtracting the amount of the first and second mortgages, there was $115,000 in equity in the house, which if split evenly equals $57,500 per person. Husband offered to purchase Wife's share of the value at this price, but Wife rejected his offer because she believed the property was worth more. She countered by offering to purchase Husband's interest for the same price if he thought it was fair market value. Husband declined to purchase from Wife at that price. Since that first offer by Husband, Wife has repeatedly discounted the first appraisal. After the court entered a final decree which dissolved the marriage and divided the property, the court denied Husband's motion to require Wife to sell the house at the $685,000 valuation.

¶6　　　　Because the parties could not agree on the value of the marital property, the court appointed a real estate commissioner to conduct a market analysis and sell the home in a commercially reasonable manner subject to court approval. The commissioner had the home appraised at $760,000 and both parties submitted their offers to the commissioner for consideration. The commissioner subsequently requested that the court hold a hearing to determine which party (or third-party) should be entitled to purchase the property and the terms of such sale. The court conducted a hearing, agreed with the commissioner's appraisal, and issued an order authorizing Husband to purchase the house at the most recent appraised price.

¶7　　　　Wife filed a petition for contempt and to enforce court orders in January 2012. She asked that the remaining bank accounts be divided and for Husband to provide an accounting for all proceeds received and amounts expended to renovate the house after the fire pursuant to the court's May 2011 ruling. Husband had previously refused to provide an accounting unless he was awarded 20 percent of those proceeds as a "general contractor's fee" because he spearheaded the renovations, despite excluding Wife from participating in the renovations. Wife also sought attorneys' fees in conjunction with her petition for contempt and for enforcement.

¶8　　　　The court set a post-decree evidentiary hearing on Wife's

petition for contempt and enforcement and all unresolved issues. After the hearing on July 9, the court issued a signed minute entry on August 9, 2012, rejecting Husband's claim that he was entitled to a 20 percent contractor's fee, dividing Husband's non-qualified retirement accounts and ordering Husband to pay Wife $22,000 before he retires, requiring Wife to reimburse Husband if Husband's employer does not pay him a commensurate amount upon retirement, and finding that the current fair market value of the house equals $760,000. The minute entry also required Husband to timely purchase the house. If he failed to do so, Wife would be entitled to purchase his interest. If neither party purchased the house, a new real estate commissioner would be appointed and the property would be sold. The court did not rule on Wife's requests for attorneys' fees at that time.

¶9             In judgments entered on August 24 and September 17, 2012, the court awarded attorneys' fees to Wife for both the post-trial proceedings and the enforcement proceedings. Husband filed a notice of appeal on September 24, 2012. For the reasons explained in the opinion published contemporaneously with this decision, we conclude that Husband's notice of appeal was timely as to all issues appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A).

## ANALYSIS

¶10            Husband raises four issues on appeal. First, he argues the court erred by not allowing him to purchase the marital residence at the original appraised price of $685,000. Second, he contends that the court did not have jurisdiction to distribute Wife's share of his retirement accounts. Third, he argues that he is entitled to a 20 percent contractor's fee for his efforts in renovating the marital residence. Finally, he challenges the award of attorneys' fees to Wife for post-trial and enforcement proceedings.

### Value of the Marital Residence

¶11            Husband argues the court erred by not enforcing Wife's alleged agreement to $685,000 as the value of the marital residence and by later determining the value of residence to be the amended (and increased) price of $760,000. We disagree. In apportioning community property at dissolution, the family court has broad discretion to achieve an equitable division, and we will not disturb its allocation absent an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13, 167 P.3d 705, 708 (App. 2007). In reviewing the apportionment of community

property, we consider the evidence in the light most favorable to upholding the court's ruling and will sustain the ruling if it is reasonably supported by the evidence. *Id.*

**¶12**        The question of whether the parties agreed to a certain appraised value is a factual determination the court had to resolve. We will not disturb the court's factual findings unless clearly erroneous. *Hrudka v. Hrudka*, 186 Ariz. 84, 92, 919 P.2d 179, 187 (App. 1995). A finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists. *Kocher v. Dep't of Revenue of Ariz.*, 206 Ariz. 480, 482, ¶ 9, 80 P.3d 287, 289 (App. 2003). The family court did not err in declining to conclude that Wife had agreed to the initial valuation of $685,000.

**¶13**        Because the parties could not agree on the value and disposition of the home, a real estate commissioner was appointed and appraised the home at $735,000, and several months later, at $760,000. The family court acknowledged the commissioner's testimony about the nature of the home and the changing market, and accepted the higher appraisal. The court confirmed that, due to the uniqueness of the marital residence and because there had been no agreement as to the prior appraised price of $685,000, it was appropriate to obtain updated appraisals. Based on this record, we find no abuse of discretion by the trial court in accepting the commissioner's testimony and setting the option price for Husband's purchase of the property at $760,000.

### Husband's Non-Qualified Retirement Accounts

**¶14**        Husband claims the court lacked subject matter jurisdiction or authority over the distribution of Husband's non-matured, non-qualified retirement accounts. We conclude otherwise.

**¶15**        The family court is vested with subject matter jurisdiction over all domestic relations matters. *In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 7, 9 P.3d 329, 332 (App. 2000). And the Arizona Supreme Court made clear in *Johnson v. Johnson,* 131 Ariz. 38, 41, 638 P.2d 705, 708 (1981), that pension rights, whether vested or non-vested, are community property if the rights were acquired during marriage and are subject to equitable division upon divorce. *See also Koelsch v. Koelsch*, 148 Ariz. 176, 180-81, 713 P.2d 1234, 1238-39 (1986) (holding non-mature pension benefits are community property subject to equitable division if acquired during the marriage); *Boncoskey*, 216 Ariz. at 451-52, ¶ 16, 167 P.3d at 708-

09 (confirming that *Johnson* should be applied to non-mature pensions); *see generally Rinegar v. Rinegar*, 231 Ariz. 85, 90, ¶21, 290 P.3d 1208, 1213 (App. 2012) (explaining that the trial court has jurisdiction to equitably divide non-qualified pension plans acquired during the marriage). Husband acquired rights to his retirement accounts during the marriage and, as a result, the court had jurisdiction to address the division of Husband's retirement accounts.

**¶16**        Here, the court used the present cash value method to determine and distribute to Wife her share of Husband's non-qualified retirement accounts.  The present cash value method is one of the two methods recognized in *Johnson*, and is preferred because it prevents future entanglement between spouses and the court.  *Hetherington v. Hetherington*, 220 Ariz. 16, 19, ¶ 11, 202 P.3d 481, 484 (App. 2008) (holding that the present cash value method relieves the former spouses from "further entanglement" with the possibility of court involvement and enforcement issues); *Johnson*, 131 Ariz. at 41-42, 638 P.2d at 708-09.  The court noted that Husband has not followed court orders in the past and Husband has sufficient income to pay Wife at this time.  The court also considered Husband's concern that he is bearing all the risk by allowing Wife her share of benefits now and added an order that Wife repay Husband if his employer does not ultimately pay him his retirement benefits.  On this record, we find no abuse of discretion.

### Reimbursement for Husband's Renovation Efforts

**¶17**        Husband contends he is entitled to a 20 percent contractor's fee for his efforts in renovating the marital home.  Wife argues that Husband waived his right to raise this issue on appeal because he failed to formally plead the issue in his pre-trial statement or at trial.  Generally, issues and arguments raised for the first time on appeal are untimely and deemed waived. *See Pro Finish USA, Ltd. v. Johnson*, 204 Ariz. 257, 267, ¶ 41, 63 P.3d 288, 298 (App. 2003).  Wife, however, put the issue in her pretrial statement and Husband raised the issue at trial.  Therefore, Husband has not waived the issue. [1]

**¶18**        At the July 2012 trial, the court heard testimony from the parties, a witness who was helping Husband with the renovation, as well

---

[1] Husband is precluded, however, from raising the contention that he is entitled to an equitable lien because he failed to raise that issue at trial.

as an accountant.  It was clear that Husband was not a licensed contractor and that Wife was inappropriately excluded from the house during the renovations.  It was also clear that only insurance proceeds that belonged to the community (and not Husband's sole and separate property) were used to complete the renovations.  The court explained in the dissolution decree and reiterated in the August 2012 ruling that the insurance proceeds were to be divided equally.  As a result, the court rejected Husband's claim that he was entitled to a 20 percent contractor's fee.  The court did not abuse its discretion by denying Husband's request.

### Attorneys' Fees Award to Wife for Post-Trial And Enforcement Proceedings

¶19        Husband argues that the court abused its discretion by awarding Wife attorneys' fees for the post-trial and enforcement proceedings pursuant to A.R.S. § 25-324.  We review an award of fees for an abuse of discretion.  *In re Marriage of Robinson and Thiel,* 201 Ariz. 328, 335, ¶ 20, 35 P.3d 89, 96 (App. 2001).

¶20        In awarding Wife fees, the court analyzed both the financial resources of the parties and the reasonableness of their positions, in accordance with A.R.S § 25-324.  The court found that:

> (1.) Husband has substantially greater earning potential than Wife**.** Despite the financial assets Wife was awarded pursuant to the parties' dissolution, her part-time employment, and her spousal maintenance award, Husband remains the party with substantially greater financial resources.

> (2.) With regard to the reasonableness of the positions the parties have taken throughout the enforcement proceedings, the Court finds as follows:

>> (a.) Wife took no unreasonable positions.
>> (b.) Husband took the following unreasonable positions.
>>> (1.) His refusal to divide the non-retirement accounts, which required Wife to file the enforcement action.
>>> (2.) His refusal to appropriately account for his expenditures of insurance proceeds in a timely manner, which required Wife to file the enforcement action.
>>> (3.) His position that he was somehow entitled to a 20% "contractor's fee."

(4.) His endorsement of Wife's name on the insurance proceeds check.

(5.) His failure to sign the "QDRO" in a timely manner, which required Wife to file the enforcement action.

(6.) His failure to facilitate the division of the parties' personal property, which remains in his *exclusive control*, which required Wife to file the enforcement action.

(7.) His failure to pay Wife her one-half interest in the parties' 2010 federal and state income tax refunds.

¶21       The record supports the court's conclusions that Husband has substantially greater earning capacity than Wife and had taken unreasonable positions. Wife works as a part-time teacher's aide with an income of around $400 per month and receives $4,500 per month in spousal maintenance. Husband is currently employed as a pilot for Southwest Airlines with an income of approximately $268,000 per year ($22,333 per month), out of which he must pay the spousal maintenance. Although Wife received half of the parties' community property and accounts, she still earns drastically less than Husband. On this record, the court did not abuse its discretion in awarding attorneys' fees to Wife for both the post-trial proceedings and enforcement proceedings.

### Attorneys' Fees on Appeal

¶22       Wife requests an award of costs and attorneys' fees on appeal pursuant to A.R.S. § 25–324 and Arizona Rule of Civil Appellate Procedure (ARCAP) 21. In accordance with § 25–324 and in our discretion, we will award Wife a reasonable amount of attorneys' fees, as well as her taxable costs on appeal, upon her compliance with ARCAP 21.

### CONCLUSION

¶23       We affirm the family court's post-decree rulings challenged herein.



Ruth A. Willingham · Clerk of the Court
FILED: MJT