NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

In re the Matter of:

DAVID MICHAEL CHRISTOFF, *Petitioner/Appellant,*

*v.*

SHERRY LYNN CHRISTOFF, *Respondent/Appellee.*

No. 1 CA-CV 21-0559 FC
FILED 5-17-2022

---

Appeal from the Superior Court in Maricopa County
No. FN2018-052921
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

---

COUNSEL

Provident Law PLLC, Scottsdale
By James P. Mueller
*Counsel for Petitioner/Appellant*

Hallier Stearns, PLC, Phoenix
By Nicole R. Stearns
*Co-Counsel for Respondent/Appellee*

Jones Skelton & Hochuli, P.L.C., Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1        David Michael Christoff ("Husband") appeals the superior court's ruling ordering the equal division of Husband's UPS/IPA Money Purchase Pension Plan account ("MPPP"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Husband and Sherry Lynn Christoff ("Wife") were married for thirty-three years before Husband filed for divorce. The parties engaged in mediation and negotiated the terms of a Property Settlement Agreement ("PSA") to be incorporated into their decree.

¶3        The parties have several retirement accounts, which were listed in the PSA under sections 4(C) Defined Contribution Retirement Accounts and 4(D) Defined Benefit Plans (pensions). Section 4(D) noted that Husband had two pensions, including one through his current employer, UPS.

¶4        Following mediation, Husband's counsel sent a draft of the PSA to be approved by Wife's counsel. Wife provided several redlined edits, including one pertaining to section 4(C). In the draft, Husband's counsel incorrectly listed the balance of a 401(k) account ending in ***6648 as $780,000; however, this was the combined total of both the 401(k) account (with a balance of $351,000) and the MPPP account (with a balance of $429,000). The 401(k) and MPPP were separate accounts through Husband's employer, UPS. Wife correctly edited the balance of the 401(k) account to reflect its actual balance of $351,000. Wife believed the MPPP was covered under section 4(D) of the PSA. But despite its title as a "pension," the MPPP is a defined contribution plan and should have been listed under section 4(C) of the PSA.

¶5        Neither Husband nor his counsel pointed out that the $429,000 balance of the MPPP was no longer accounted for in the PSA. Both parties finalized and signed the final PSA, it was incorporated into the decree, and a third-party attorney began preparing a qualified domestic

relations order ("QDRO") to divide the value of the retirement accounts. The third-party attorney realized the MPPP was not expressly listed in the PSA and emailed both Husband and Wife to inquire whether it should be included in the QDRO. Wife claimed the MPPP was to be included and equally divided between the parties. Husband, however, claimed the MPPP was not expressly listed in section 4(C) and so it was awarded to him under a catch-all provision that noted both parties would retain as their sole and separate property all property within their respective possessions. Because the MPPP was within Husband's possession, he argued, it was awarded to him by default and not subject to division.

¶6            Wife attempted to negotiate with Husband regarding the division of the MPPP to avoid litigation, but Husband did not respond to her emails. Accordingly, Wife filed a post-decree motion for the division of an undivided asset, asking the court to order the equal division of the MPPP. Following an evidentiary hearing where both parties testified, the superior court ruled that the MPPP was an undivided asset and ordered it to be divided equally between Husband and Wife.

¶7            Husband timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

¶8            Husband argues the MPPP was not an omitted asset from the decree subject to division because it was allocated to him in the catch-all provision of the parties' PSA. However, given the evidence in this case, the superior court found the MPPP did not fall under the catch-all provision. We agree.

¶9            Under Arizona law, a property separation agreement is a contract, and it is to be given a reasonable construction "so as to accomplish the intention of the parties." *Harris v. Harris*, 195 Ariz. 559, 562, ¶ 15 (App. 1999). "Although determination of the intent of contracting parties from extrinsic evidence may require fact finding, whether contract language is reasonably susceptible to more than one interpretation so that extrinsic evidence is even admissible is a question of law for the court." *In re Est. of Lamparella*, 210 Ariz. 246, 250, ¶ 21 (App. 2005). When extrinsic evidence is offered, "the judge [should] first consider[] the offered evidence and, if he or she finds that the contract language is reasonably susceptible to the interpretation asserted by its proponent, the evidence is admissible to determine the meaning intended by the parties." *Taylor v. State Farm Mut.*

*Auto. Ins. Co.*, 175 Ariz. 148, 154 (1993) (citations and internal quotation marks omitted).

¶10        Here, the superior court considered parol evidence and found that it showed the parties intended to equally divide the MPPP. Husband contends the court erred in considering such evidence when interpreting the PSA and the decree. He claims he properly raised the issue of parol evidence before the superior court. But at the very start of the evidentiary hearing, the superior court specifically stated, "And I know there's a dispute about whether or not parol evidence is admissible." Husband's attorney responded "Your Honor, I don't -- I have none. I have no objection to them, if opposing counsel doesn't." Husband has waived any argument on the admissibility of parol evidence. *See Cedic Dev. Corp. v. Sibole*, 25 Ariz. App. 185, 187-88 (1975) (finding that although counsel made two references that indicated his awareness of the applicability of the parol evidence rule, he made no objection to the admission of such evidence, so the court was entitled to consider parol evidence in reaching its decision).

¶11        Regardless, Husband's arguments are without merit. Husband claims extrinsic evidence cannot be used to interpret a judgment, and the PSA was merged into the decree—a final judgment. *See In re the Marriage of Zale*, 193 Ariz. 246, 249, ¶ 10 (1999) ("[I]t is error to conclude that the parol evidence rule applies to judgments," because "[a] judgment is not an agreement between or among the parties."). But this belies the express language of the PSA, which states, "[t]his Agreement shall be incorporated, *but not merged*, in any Decree entered by any Court in any such action and this Agreement shall be incorporated, *but not merged*, into any Divorce or Separation Decree between the parties . . . ." (emphasis added). Additionally, the decree states, "[t]he Property Settlement Agreement between the parties dated July 8, 2019, attached hereto as Exhibit B and filed herewith, is incorporated herein by this reference, *but not merged* . . . ." (emphasis added). The PSA was incorporated, but not merged, and so the PSA stands alone as an independent contract between the two parties. *See Harris*, 195 Ariz. at 562, ¶ 15. Extrinsic evidence can appropriately be used to interpret such an agreement. *See Zale*, 193 Ariz. at 249, ¶ 10.

¶12        Further, the superior court did not err in finding the extrinsic evidence was admissible because the contract language was reasonably susceptible to the interpretation proffered by Wife. Husband maintains the MPPP was unambiguously awarded to him under the catch-all provision in the PSA:

Husband shall have and retain as his sole and separate property, free from any claim of Wife, and Wife does hereby grant, sell, assign, transfer and set over to Husband all of her right, title and interest in and to all personal property now in possession of Husband, except those [expressly enumerated in the PSA].

¶13 Husband argues the circumstances in this case mirror those in *Lamparella*, 210 Ariz. at 250-51, ¶¶ 19-28. They do not. In *Lamparella*, a probate matter, the parties did not expressly include the husband's annuity policy in their *pro per* fill-in-the-blank decree and the wife raised the issue after the husband's death. *Id.* at 248, ¶¶ 6, 8. The court found that a similar catch-all provision required allocation of the annuity to the husband's estate because the wife presented no evidence that the catch-all provision was intended to encompass less than all personal property in each of their possession, or that the annuity policy was not in the husband's possession and control when the marriage ended. *Id.* at 251, ¶¶ 26-27. Unlike *Lamparella*, the parties here did not altogether exclude the MPPP when drafting the PSA, such that the parties' intent in its division was unclear. At the evidentiary hearing, Husband conceded the MPPP was a community asset, that the parties had agreed to equally divide it, and that it was never his intent to exclude this money from division. The record supports the superior court's findings that parties' intent regarding the division of the MPPP was clear and its omission was unintentional.

¶14 The instant case more closely resembles *Rinegar*, where this court found that another similar catch-all provision did not apply to the parties' omitted pension plan and stock options. *Rinegar v. Rinegar*, 231 Ariz. 85, 88, ¶ 14 (App. 2012). Like the case here, the court in *Rinegar* found the parties did not simply forget to include these assets in the decree. *Id.* The parties had clearly intended to divide these assets and extensively litigated the issue of their division. *Id.* at 89, ¶ 17. However, due to a mistake, these assets were unintentionally omitted from the final decree. *Id.*

¶15 Husband's original mistake caused confusion when he incorrectly listed the balance of the 401(k) account as $780,000, which was the combined total of both the 401(k) account and the MPPP account. Wife correctly edited the balance of the 401(k) account to reflect its actual balance of $351,000. Given its title as a "pension" plan, Wife was unaware the MPPP account was not otherwise accounted for in the parties' agreement, specifically under section 4(D) of the PSA: "defined benefit plans (pensions)." Further, at the evidentiary hearing, Wife testified that during

settlement discussions, Husband represented to her that the MPPP was part of the UPS pension plan discussed in section 4(D).

¶16            Additionally, Husband concedes that throughout negotiations the parties operated under the belief the MPPP would be equally divided, which affected how the remaining assets were divided and how much spousal maintenance would be awarded to Wife. Awarding the entirety of the MPPP to Husband would undermine the parties' agreement, result in an inequitable division, and plainly contradict the parties' intent. *See Rinegar*, 231 Ariz. at 89, ¶¶ 17-18.

¶17            Husband's suggestion that Wife voluntarily gave up her one-half interest in the MPPP without reason is disingenuous. This is the second largest asset of the parties. And at the hearing, Husband seemed to recognize that the redline of Wife's attorney was likely due to a mistake on the part of Wife's counsel:

> [T]he amount was removed. Everything was disclosed. And that was a change on your office. And you repeated it and you never accounted for that $429,000 again. I'm not in your office. I don't know what you are doing. I don't know if you're running a puppy mill of divorce decrees and not quality control in your work. I don't know.

¶18            The record supports a finding that omission of the MPPP was unintentional, and the catch-all provision does not apply to it. Accordingly, the superior court did not err in ordering the equal division of the MPPP.

¶19            Finally, Husband contends the court improperly modified the PSA in violation of A.R.S. § 25-327. However, as explained above, the PSA was not modified; the superior court divided an omitted asset. Husband has shown no error.

**CONCLUSION**

**¶20**     For the foregoing reasons, we affirm.  Both parties request their attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324(A). After considering the parties' financial resources and the reasonableness of the positions each party has taken, we award Wife her reasonable attorneys' fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA