NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

CHRISTIAN GREGORY JACKMAN,
*Petitioner/Appellee,*

*v.*

TERESA MARIE MCCANN,
*Respondent/Appellant.*

No. 1 CA-CV 21-0525 FC
FILED 6-7-2022

Appeal from the Superior Court in Maricopa County
No.  FC2014-096241
The Honorable Adele Ponce, Judge

**AFFIRMED**

COUNSEL

Teresa McCann, Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1            Teresa McCann (Mother) appeals from the denial of her petition to enforce aspects of a 2016 dissolution decree as well as the partial grant of Christian Jackman's (Father) counter-petition. Mother also appeals an award of attorneys' fees to Father. Because Mother has shown no error, the orders are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2            Mother and Father married in 2000 and have three children together. Father petitioned for divorce in October 2014 and the superior court entered the 33-page decree in January 2016. Mother appealed the decree and this court affirmed. *Jackman v. McCann*, No. 1 CA-CV 16-0263 FC, 2017 WL 4052001 (Ariz. Ct. App. Sept. 14, 2017).

¶3            In August 2020, Mother filed her petition to enforce aspects of the decree. Mother sought, among other things, recalculation of her monthly child support obligations, the division of proceeds from the sale of the marital home, an equalization payment for a minivan and a division of the parties' personal property. Father opposed the petition and filed a counter-petition for modification of child support. Father also sought attorneys' fees.

¶4            The court held an evidentiary hearing in June 2021, where Mother and Father testified. In August 2021, the court issued a detailed ruling denying Mother's petition and granting Father's request to modify child support. The court found "Mother's testimony regarding her lack of income lacked credibility," rejected her claim that she was unable to pay child support, imputed $4,000 in monthly income to her and increased to $661 her monthly child support obligation. Finding $34,000 in proceeds from the sale of the marital home were to be divided equitably, the court used that amount to offset payments Mother owed to Father. As a result, the court awarded Father $29,042.65 of those proceeds, with Mother receiving $4,957.35. The court further found that Mother's claim regarding

the minivan "has already been rejected" in prior orders and "has no merit," and that she failed to present sufficient evidence to issue any award regarding division of the parties' personal property. Finding that Mother "took unreasonable legal positions," the court awarded Father attorneys' fees, finding no evidence of income disparity between the two. See Ariz. Rev. Stat. (A.R.S.) § 25-324(A) (2022).[1] Father later sought $7,000 in fees; Mother did not object and the court awarded Father $5,000 in fees.

¶5        This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and -2101(A)(2). *See also Yee v. Yee*, 251 Ariz. 71, 73 ¶ 1 (App. 2021).[2]

## DISCUSSION

¶6        Mother argues the superior court erred in: (1) calculating her income and awarding Father $661 in monthly child support; (2) allocating the proceeds from the marital home; (3) allocating the proceeds from the minivan; (4) dividing the personal property and (5) awarding Father $5,000 in attorneys' fees.

## I.        The Briefing On Appeal.

¶7        Father did not file an answering brief. Although that failure could be deemed a concession of error, in the exercise of this court's discretion and because the best interests of minor children are implicated, this court will address the merits of the issues raised on appeal. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

¶8        Mother's opening brief fails to include "appropriate references to the record," ARCAP 13(a)(4), and includes factual statements not supported by the record. Failing to support her arguments constitutes waiver. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011); *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 n.2 (App. 2011). In addition, evidence that is not part of the record on appeal will not be

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] On May 25, 2022, Mother filed a "Notice of Additional Information Not Available Prior" in this case, stating she has filed a notice of appeal from an April 2022 ruling. Although taking judicial notice of the filing, *see* Ariz. R. Evid. 201, because the Notice addresses issues raised after the August 2021 ruling at issue here, no further action is taken.

considered. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4-5 (App. 1990). Moreover, to the extent Mother seeks to press new arguments or expand arguments on appeal, she cannot do so. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007).

## II.     Mother Has Shown No Error.

### A.     Mother's Child Support Obligations.

¶9         Waiver notwithstanding, this court reviews child support awards for an abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30 ¶ 6 (App. 2002). Mother argues that "[she] does not have an income" and cannot pay any child support. Mother, however, failed to provide the superior court with any bank statements, tax or income information or any other information required to determine her income, contrary to the court's rules. *See* ARFLP 49(e). Mother provided an incomplete Affidavit of Financial Information (AFI) and testified that "[she has] no income," lives rent-free in a home she does not own and does not pay for groceries or utilities. Mother further testified that she receives "no cash" from any source and that people are helping her, but refused to provide any details, including names of individuals who support her.

¶10         The superior court found that Mother's testimony about her income lacked credibility. On appeal, Mother asks that this court reconsider that credibility determination and reweigh conflicting evidence, something this court will not do. *See Richard M. v. Patrick M.*, 248 Ariz. 492, 498 ¶ 23 (App. 2020). On this record, Mother has not shown that the superior court abused its discretion in finding Mother's testimony regarding her income was not credible and in calculating Mother's child support obligations.

¶11         Nor has Mother shown that the superior court erred in modifying her monthly child support payments. A court may modify the child support provisions of a decree upon a showing of changed circumstances that are substantial and continuing. A.R.S. § 25-327(A). In considering a request for modification, courts are required to apply the Arizona Child Support Guidelines, unless their application would be "inappropriate or unjust." A.R.S. § 25-320(A); *State ex rel. Dep't of Econ. Sec. v. Ayala*, 185 Ariz. 314, 316 (App. 1996). This court will not disturb the superior court's decision modifying a child support award absent an abuse of discretion. *Ayala*, 185 Ariz. at 316.

¶12          Mother argues the superior court erred in modifying child support payments and ordering her to pay $661 each month. Based on the conflicting evidence and credibility determinations, the court ordered Mother to pay $661 in monthly child support based on her imputed monthly income of $4,000 plus another $50 each month to satisfy her delinquent payments. Because Mother failed to comply with discovery requests and disclosures, *see* ARFLP 49(e), refused to testify about the sources of her income and because the court found her testimony lacked credibility, Mother has shown no abuse of discretion in the modification of her child support obligations. *Richard M.*, 248 Ariz. at 498 ¶ 23.

### B.          Allocation of Proceeds from the Marital Home.

¶13          Mother argues that the superior court erred in allocating the proceeds from the sale of the parties' marital residence. The decree ordered the residence to be sold, all outstanding encumbrances to be paid and any proceeds equally shared; this court affirmed. *See Jackman*, No. 1 CA-CV 16-0263 FC, 2017 WL 4052001. The superior court has broad discretion in apportioning community assets in a dissolution, and this court will not disturb that apportionment absent an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451 ¶ 13 (App. 2007). As the court properly noted, Mother's challenge to the decree was previously rejected and this court lacks jurisdiction to address that challenge now. *Hall*, 194 Ariz. at 57. Mother already litigated and unsuccessfully appealed the court's decision over the division of assets, including the marital home. Mother therefore is barred from further litigating that issue. *Id.*

¶14          The decree required the net proceeds to be allocated equitably, and the evidence from the June 2021 hearing indicated the net proceeds totaled $34,000. After accounting for offsets each party owed to the other, the court awarded Father $29,042.65 and Mother $4,957.35 of the home's proceeds. Moreover, Mother failed to provide the court with any evidence of alternative equity calculations. Thus, Mother has not shown that the court erred in allocating the marital home proceeds. *Boncoskey*, 216 Ariz. at 451 ¶ 13.

### C.          Allocation of Proceeds from the Minivan.

¶15          As the superior court noted, Mother's claim for the equalization payment for the Chevy minivan has already been litigated and rejected on appeal. Her claim is therefore barred. *See Hall v. Lalli*, 194 Ariz. 54 (1999) ("The doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction

and the matter now in issue between the same parties . . . determined the former action.") (citations omitted).

### D.     Division of the Parties' Personal Property.

¶16          Mother sought to enforce the 2016 decree requiring the division of the parties' personal property. In 2018, Mother made this claim and the superior court ordered Father to make two lists of the parties' personal property and ordered Mother to review the lists and determine which items she would like to keep. The court also required Mother to select her property "no later than 28 days" after the order issued.

¶17          At the June 2021 hearing, Father presented evidence that he provided Mother with the lists in 2016 and 2018. Mother testified that she did not select either list and did not make any specific claims for any items. Mother admitted, however, that she had an opportunity to remove her personal property and, in fact, removed some items from the home. Mother presented no evidence that she complied with the superior court's 2018 order to select one of Father's lists within 28 days nor did she present any evidence that Father interfered with her right to remove property from the home. The court therefore properly found that Mother presented insufficient evidence to support her enforcement claim. Mother has not shown the court abused its discretion in doing so.

### E.     Award of Attorneys' Fees.

¶18          Mother argues the superior court erred in granting Father $5,000 in attorneys' fees. Mother, however, failed to timely object to Father's request, and has therefore waived the argument. *Odom*, 216 Ariz. at 535 ¶ 18. Moreover, on the merits, Mother has shown no error.

¶19          The superior court may award reasonable attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). An award of fees is reviewed for an abuse of discretion. *Rinegar v. Rinegar*, 231 Ariz. 85, 90 ¶ 22 (App. 2012).

¶20          Mother failed to comply with court orders by refusing to make child support payments for years, raised issues that are precluded and failed to comply with disclosure requirements. Mother has not shown that the court erred in concluding that she "took unreasonable legal positions." On this record, Mother has shown no error in the court awarding Father a portion of the fees he requested.

## CONCLUSION

¶21     The superior court's orders are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA