205 P.3d 1137

**James Edward THOMAS, Petitioner/Appellee/Cross–Appellant,**

v.

**Jonnie Rae THOMAS, Respondent/Appellant/Cross–Appellee.**

**No. 1 CA–CV 07–0471.**

Court of Appeals of Arizona, Division 1, Department C.

March 17, 2009.

Owens & Perkins, PC By Alona M. Gottfried, Scottsdale, Attorneys for Petitioner/Appellee/Cross–Appellant.

Hunt, Vanderott–Grogan & Hossler By David J. Hossler, Yuma, Attorneys for Respondent/Appellant/Cross–Appellee.

## OPINION

BROWN, Judge.

¶ 1 Jonnie Thomas ("Wife") appeals from the portion of the trial court's post-decree order finding a California condominium ("condo") to be an undivided marital asset and ordering her to re-convey a one-half interest in the condo to James Thomas ("Husband") as a tenant in common. For the reasons that follow, we conclude that the trial court did not have jurisdiction to address Husband's claims relating to the condo.[1]

## BACKGROUND

¶ 2 Husband and Wife married on November 26, 1960. On January 8, 1998, the parties stipulated to a decree of dissolution. The decree failed to reference the condo, which the parties purchased during their marriage. In October 2005, Husband filed a motion for order to show cause in the dissolution action requesting enforcement of the decree. Among other things, he requested that the trial court award him one-half of the equity in the condo.

¶ 3 At the show cause hearing, Husband testified that the parties intentionally omitted the condo from the decree of dissolution with the understanding that they would continue to jointly own the property and that each could use the condo "at different times." Husband acknowledged that in September 1998 he signed a quitclaim deed conveying the condo to Wife but asserted that she recorded the deed in breach of their agreement. According to Husband, the parties orally agreed that in exchange for his quitclaim deed to the condo, Wife would convey to Husband by quitclaim deed her interest in another home ("the 7th Avenue property") to allow him to use the home as collateral to secure a loan. Per the agreement, Wife would not record the quitclaim deed to the condo unless Husband died or failed to make the payments on the loan secured by the 7th Avenue property.

¶ 4 Husband testified that after he obtained the loan, he promptly "quitclaimed" the 7th Avenue property back to Wife. He then used the proceeds of the loan to pay outstanding obligations on the condo, a loan on wife's vehicle, taxes, and the closing costs for the loan. Husband also stated that he timely made all payments owing on the loan from 1998 through 2004, until Wife sold the home. Nonetheless, Wife recorded the condo quitclaim deed on October 29, 1998. Although Wife recorded the quitclaim deed almost immediately after the transaction, Husband testified that Wife continued to treat him as a co-owner of the condo as evidenced by her demand that he pay one-half of the post-decree repair and maintenance costs on the condo.

¶ 5 Wife testified that pursuant to the parties' agreement, she did not record the condo quitclaim deed "until [she] felt like there was a need," and that she opted to do so when Husband remarried. In addition, contrary to Husband's testimony, Wife also stated that prior to her sale of the 7th Avenue property, the bank notified her that Husband had not kept the loan current. On cross-examination, Wife acknowledged that after the decree was entered, only Husband made loan payments on the condo, and when asked, she testified that she would be willing to re-convey Husband's one-half interest in the condo if he paid her the $62,719.15 balance remaining on the 7th Avenue property at the time of its sale.

¶ 6 Following the presentation of evidence, Wife questioned for the first time the trial court's jurisdiction over Husband's request for his share of the condo. The court noted its own concerns as to whether Husband's claim was properly raised in the dissolution matter and recognized that lack of subject matter jurisdiction may be raised at any time. The court ultimately determined it had jurisdiction over Husband's claim relating to the condo and ordered Wife to re-convey her one-half interest to Husband upon his payment to her of $62,720.00 plus interest. Wife timely appealed and we have

---

1. Husband raises an issue on cross-appeal. We address his claim in a separate Memorandum Decision. *See* ARCAP 28(g).

jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 7 Wife contends that the trial court lacked the requisite subject matter jurisdiction to order her to re-convey a one-half interest in the condo to Husband. Specifically, Wife argues that following entry of the dissolution decree, the condo was no longer marital property and thus was not subject to a post-decree reallocation. In response, Husband argues that the condo is community property and thereby subject to the jurisdiction of the trial court. Husband further asserts that Wife breached the parties' property/financial agreements by recording the condo quitclaim deed and therefore it is "inequitable" for her to be permitted to retain ownership of the condo as her sole and separate property.[2]

■ ¶ 8 We review a trial court's legal conclusions, including questions of jurisdiction, de novo. *In re Marriage of Crawford*, 180 Ariz. 324, 326, 884 P.2d 210, 212 (App. 1994). In a dissolution proceeding, the superior court is vested only with jurisdiction provided by law. A.R.S. § 25–311 (2007) ("The superior court is vested with original jurisdiction to hear and decide all matters arising pursuant to this chapter[.]"); *Weaver v. Weaver*, 131 Ariz. 586, 587, 643 P.2d 499, 500 (1982) ("Title 25 defines the boundaries of a dissolution court's jurisdiction, and the court may not exceed its jurisdiction even when exercising its equitable powers."); *Fenn v. Fenn*, 174 Ariz. 84, 87, 847 P.2d 129, 132 (App.1993) ("Every power that the superior court exercises in a dissolution proceeding must find its source in the supporting statutory framework."); *Andrews v. Andrews*, 126 Ariz. 55, 58, 612 P.2d 511, 514 (App.1980) ("Dissolution of marriage is a statutory action in Arizona, and a trial court has only such jurisdiction as is given to it by statute."). Thus, we turn first to the dissolu-

tion statutes to determine whether the trial court had jurisdiction in the dissolution action to determine the parties' dispute relating to ownership of the condo.

¶ 9 Division of property in a dissolution proceeding is governed by A.R.S. § 25–318(A) (Supp.2008),[3] which provides generally that a court shall divide community, joint tenancy, and other property held in common equitably, and shall assign each spouse's sole and separate property to such spouse. Additionally, A.R.S. § 25–318(D) states that "community, joint tenancy and other property held in common for which no provision is made in the decree shall be from the date of the decree held by the parties as tenants in common, each possessed of an undivided one-half interest."

■ ¶ 10 It is undisputed that Husband and Wife intentionally omitted any reference to or allocation of the condo in their stipulated decree. Based on the plain language of A.R.S. § 25–318(D), the condo they acquired during marriage and held as community property transmuted by operation of law to separate property, with each party holding a one-half interest as a tenant in common upon entry of the dissolution decree. *See Dempsey v. Oliver*, 93 Ariz. 238, 241, 379 P.2d 908, 909 (1963) (finding that effect of a divorce on omitted property was to make the former spouses tenants in common, with each party having a separate interest subject to separate disposition); *Becchelli v. Becchelli*, 17 Ariz.App. 280, 283, 497 P.2d 396, 399 (1972) (holding as a matter of law that deed conveying property to husband and wife as tenants in common gave wife undivided one-half interest in the property); *see also Monaghan v. Barnes*, 48 Ariz. 213, 214, 61 P.2d 158, 159 (1936) (noting that mother and daughter's ownership of real property as tenants in common gave each of them an undivided one-half interest as sole and separate property); *Potthoff v. Potthoff*, 128 Ariz. 557, 561, 627

---

2. Resolving this appeal on jurisdictional grounds, we do not address the merits of Husband's claim that Wife recorded the condo quitclaim deed in violation of the parties' agreement. Nor do we express any opinion as to whether Husband has viable claims that he may pursue in a separate civil action against Wife.

3. We cite to the current version of the applicable statute because no revisions material to this decision have since occurred.

P.2d 708, 712 (App.1981) (recognizing that property retains its status as community or separate unless changed by agreement of the parties or by operation of law). Contrary to the trial court's determination, upon entry of the dissolution decree, the condo was no longer an "undivided marital asset," but the separate property of Husband and Wife. Thus, the court in the dissolution action lacked jurisdiction to consider Husband's claim that he should be awarded an interest in the condo.

¶ 11 In *McCready v. McCready*, the former husband and wife jointly purchased real property nearly two years after the trial court entered a decree of dissolution. 168 Ariz. 1, 2, 810 P.2d 624, 625 (App.1991). The parties took title to the property as "husband and wife" and as joint tenants. *Id.* Twelve years after they bought the property, the husband filed a "post-dissolution cause of action seeking an order of the court requiring an 'auction sale' of the subject property." *Id.* Following a hearing on the matter, the trial court found that the property was held by the parties as tenants in common, but nonetheless determined that the parties had "submitted themselves to the equitable jurisdiction of the court by requesting relief regarding disposition of their commonly held property." *Id.* On appeal, the husband argued that the trial court lacked subject matter jurisdiction to allocate property acquired after dissolution. *Id.* at 3, 810 P.2d at 626. We determined the trial court lacked jurisdiction to dispose of the non-marital property and that absent an agreement between the parties, the only lawful means to dispose of the property was pursuant to "the applicable partition statutes." *Id.* We further held that the parties could not, by consent, give the court jurisdiction. *Id.* at 4, 810 P.2d at 627.

¶ 12 Husband contends that *McCready* is inapplicable because, unlike the circumstances here, the parties in that case did not acquire the subject property during marriage. Although Husband's factual distinction is correct, it is immaterial because he and Wife intentionally omitted the property from the dissolution decree and the condo's character was subsequently transmuted by operation of law from community to separate property. Thus, as in *McCready*, the subject property in this case was not a marital asset subject to a post-decree reallocation.

¶ 13 Citing *Armer v. Armer*, 105 Ariz. 284, 463 P.2d 818 (1970), for the proposition that the fraudulent procurement of a quitclaim deed from one spouse cannot be used to divest that spouse of her community property interest in a marital asset, Husband contends that Wife violated the parties' agreement when she recorded the condo quitclaim deed without just cause and therefore the quitclaim deed cannot be used to divest him of his one-half interest in the property. However, unlike the circumstances in *Armer*, in which "nothing was done subsequently to change the character of the property" at issue after its acquisition as community property, *id.* at 290, 463 P.2d at 824, here, the property had transmuted to separate property.

¶ 14 Husband also cites *Dressler v. Morrison*, 212 Ariz. 279, 130 P.3d 978 (2006), for the proposition that A.R.S. § 25–318 was enacted to ensure the equitable division of *community* property for which no provision was made in the dissolution decree. That case, however, did not address jurisdictional issues nor did it involve a mutual decision to omit property from a decree. The husband in *Dressler* filed a lawsuit to recover his share of community property, alleging that his wife fraudulently induced him to transfer the property into her separate trust prior to their divorce. *Id.* at 280, ¶¶ 1, 6, 130 P.3d at 979. The trial court dismissed the action on the basis that the husband should have filed a motion pursuant to Arizona Rule of Civil Procedure 60(c) in the dissolution proceedings. *Id.* at 281, ¶ 9, 130 P.3d at 980. This court affirmed the trial court but our supreme court disagreed and held that "a party who claims to be a tenant in common with a former spouse may bring a separate civil action to obtain relief when a dissolution decree fails to mention or does not dispose of real property." *Id.* at 280, ¶ 1, 130 P.3d at 979. The court noted that the legislature specifically contemplated that dissolution decrees might not provide for the disposition of all property. *Id.* at 282, ¶ 16, 130 P.3d at 981. Under that circumstance, the spouses

**294**

will hold the property as tenants in common and thus filing a separate action to resolve matters relating to the omitted property would be "entirely consistent with the decree." *Id.* The court did not address whether the husband's challenge could be properly presented in a post-decree Rule 60(c) motion, but did not foreclose the possibility. *Id.* at ¶ 17, 130 P.3d 978, n. 7 (declining to address and define the circumstances when Rule 60(c) would prevent an independent action between former spouses or mandate reopening of the decree).

■ ¶ 15 Similarly, we need not attempt here to define the precise circumstances in which a party to a dissolution decree may seek Rule 60(c) relief to resolve issues over omitted property. We have no hesitation, however, in concluding that post-decree litigation in a dissolution proceeding, whether based on Rule 60(c) or other authority, is not permitted in a case in which the parties intentionally omitted the property at issue from the decree. To hold otherwise would defeat the purpose of A.R.S. § 25–318(D). Parties who decide together to omit property from their divorce decree cannot then expect the dissolution court to resolve post-decree disputes relating to the property. Instead, claims such as those at issue here, arising from conduct occurring after the decree, are based on the parties' relationship as tenants in common, which is governed by principles of law unrelated to their relationship as husband and wife.

¶ 16 In sum, because the property at issue here was consciously omitted from the decree by both parties, it was no longer "marital property" and was not subject to the provisions of Title 25. *See McCready,* 168 Ariz. at 4, 810 P.2d at 627. Under these circumstances, the trial court, hearing a post-decree motion in the dissolution litigation, did not have the statutory authority and thus lacked

jurisdiction to order Wife to convey a one-half interest in the condo.[4] *See Weaver,* 131 Ariz. at 587, 643 P.2d at 500 (finding that jurisdiction with respect to separate property is "limited to assigning to each spouse his or her separate property under § 25–318(A) and impressing a lien pursuant to § 25–318(C)" and that the trial court had "no jurisdiction to grant a money judgment against one spouse for damage to the separate property of the other spouse in a dissolution proceeding").

## CONCLUSION

¶ 17 For the foregoing reasons, we hold that a legal dispute regarding community property intentionally omitted from a dissolution decree by both parties and transmuted by law to separate property is not subject to consideration in a post-decree dissolution proceeding. We therefore vacate paragraph E of the trial court's order regarding ownership of the California condo.

CONCURRING: MAURICE PORTLEY, Presiding Judge and DIANE M. JOHNSEN, Judge.

---

4. Practical considerations support our conclusion that issues relating to intentionally omitted property should be handled in a different forum than a dissolution action. For example, parties involved in a legal dispute relating to such property may be subject to procedures and rights that are not available in a dissolution proceeding, such as compulsory arbitration and consideration of the claims by a jury. Additionally, other statutory remedies such as quiet title and partition would not be appropriate for consideration in a dissolution proceeding. *See* A.R.S. § 25–311 (jurisdiction limited by statutory authority); A.R.S. § 25–318(A) (statutory language adopted in 1962 expressly permitted dissolution court to order partition but legislature removed the provision in 1973).