NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

PAUL ROBERT WRIGHT, *Petitioner/Appellant*,

*v.*

JENNIFER WRIGHT, *Respondent/Appellee*.

No. 1 CA-CV 19-0519 FC
FILED 9-22-2020

Appeal from the Superior Court in Maricopa County
No. FC2011-050271
The Honorable Adam D. Driggs, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Rubin & Ansel, PLLC, Scottsdale
By Yvette D. Ansel
*Counsel for Petitioner/Appellant*

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1 Paul Robert Wright ("Husband") appeals the superior court's order granting Jennifer Wright ("Wife") an undivided one-half interest in life insurance proceeds and appointing Wife trustee over a 529 education account[1] for one of their children. For the following reasons, we affirm in part, and vacate in part.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 This is the third appeal involving Husband and Wife and the division of life insurance proceeds after their dissolution of marriage.

¶3 Husband and Wife were married in 1999. During their marriage, Husband took out a life insurance policy on his mother, and the premiums were paid using community funds. Husband's mother passed away in 2009, and the parties received $500,000 in proceeds. Husband deposited the proceeds into a bank account in his name only before placing $100,000 into two separate 529 education accounts, one for each of the parties' two children. Without informing Wife, Husband then diverted the remaining $300,000 as loans to a friend and his boss. No promissory notes evidenced the loans, and no interest was received.

¶4 Husband and Wife decided to divorce in 2010, and they used a private mediation service. The parties signed a consent decree in December 2010, Husband filed a petition for dissolution of marriage in January 2011, and the court entered the parties' consent decree in March 2011. The consent decree did not specifically list the loans or the children's 529 accounts as assets. Several months later, Wife filed a motion to set aside the decree, contending that Husband made fraudulent representations during mediation, namely that the insurance policy proceeds were inheritance proceeds and, therefore, his separate property and that the

---

[1] A 529 account is a tax-advantaged savings account used to help save money for college or other post-secondary education.

couple's financial situation necessitated their complete expenditure. Following an evidentiary hearing, the superior court denied Wife's motion. In June 2013, Wife filed a motion for reconsideration/motion for a new trial, but the superior court denied it. Wife did not appeal.

¶5 Shortly after, Wife filed a petition to divide community assets not included in the decree, requesting that the superior court equally divide the 529 accounts and the $300,000 remaining policy proceeds under Arizona Revised Statutes ("A.R.S.") section 25-318(D). Husband filed a motion to dismiss, arguing Wife's claims were barred by issue and claim preclusion due to Wife's previous motion to set aside. The superior court granted Husband's motion to dismiss. Wife appealed, and this Court vacated the superior court's order and remanded for further proceedings, finding neither issue nor claim preclusion applied. *Wright v. Wright* ("*Wright I*"), 1 CA-CV 13-0761 FC, 2015 WL 1408117 (Ariz. App. Mar. 26, 2015) (mem. decision).

¶6 Following remand, the parties filed cross-motions for summary judgment regarding their rights to the proceeds. Wife alleged that the proceeds and the 529 accounts were community property omitted from the decree. At the same time, Husband argued the parties intended that the proceeds be awarded to him as his separate property. Husband further alleged that "while the parties' Consent Decree did not specifically award 'life insurance proceeds' to Husband, it did not need to do so" because "[t]he bank accounts which originally held the proceeds were awarded to Husband." Husband also argued that the proceeds were included in a "catch-all" personal property provision in the consent decree.

¶7 The superior court granted summary judgment for Husband, stating that it "adopted the findings of fact contained" in Husband's summary judgment motion. Wife appealed, and in February 2018, this Court again reversed and remanded, concluding that neither party was entitled to summary judgment. *Wright v. Wright* ("*Wright II*"), 1 CA-CV 16-0492 FC, 2018 WL 718518 (Ariz. App. Feb. 6, 2018) (mem. decision). This Court found that although Husband was awarded financial accounts in his name, and the proceeds were initially deposited into a bank account in his name, Husband admitted the proceeds were no longer there when he petitioned for dissolution. *Id.* at *2, ¶ 9. The Court also found that there was no "catch-all" property provision in the decree as Husband had alleged. *Id.* at ¶ 10. Finally, this Court ruled that although there was a presumption the proceeds are community property, there was a genuine dispute as to whether the parties intended to omit the proceeds from the

decree and award them to Husband as his separate property. *Id.* at ¶¶ 12, 14.

**¶8** During the evidentiary hearing on remand, Wife testified that when the dissolution decree was entered, she was unaware of any loans made by Husband. Wife testified that the remaining $300,000 proceeds were not listed in the consent decree because Husband told her the money was gone and that Husband had used the proceeds to pay people he had owed. Wife also testified that she was aware of the existence of the 529 accounts, but she believed the 529 accounts were in their children's names, not her Husband's name. Husband, however, testified that Wife had gifted the proceeds to him. Husband alleged that upon receiving a check for the proceeds in 2009, Wife allowed Husband to deposit the check into a bank account in his name. Husband testified that he and Wife together set up the 529 accounts for their children, and then both parties agreed that the remaining proceeds would belong solely to Husband. Husband alleged that given this prior agreement, the parties intentionally omitted the proceeds from the decree.

**¶9** Following the evidentiary hearing, the superior court found that the life insurance proceeds were community property, and that Husband failed to prove that Wife intended to gift him her separate share of the proceeds by leaving them out of the consent decree. Pursuant to A.R.S. § 25-318(D), the superior court ruled that the parties held the proceeds as tenants in common, each possessing an undivided one-half interest. The superior court appointed Wife as trustee over one of the children's 529 accounts, and awarded Wife $150,000, which represented one-half of the remaining proceeds.

**¶10** Husband timely appealed. This Court has jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

I. Proceeds Used by Husband for Loans

**¶11** Husband argues the superior court improperly shifted the burden of establishing subject matter jurisdiction to him, and it erred in ruling he must prove by clear and convincing evidence the proceeds were his separate property. "The appropriate burden of proof is a question of law, which this Court reviews de novo." *Am. Pepper Supply Co. v. Fed. Ins. Co.*, 208 Ariz. 307, 309, ¶ 8 (2004).

**¶12** Husband argues that in *Wright II* and pursuant to *Thomas v. Thomas*, 220 Ariz. 290 (App. 2009), this Court mandated Wife must first establish subject matter jurisdiction by proving the proceeds were not "consciously omitted" from the decree. If the proceeds were, in fact, "consciously omitted" from their decree, they would "no longer [be] 'marital property'" that is "subject to the provisions of Title 25," and the superior court would lack jurisdiction to convey an interest in the proceeds to Wife. *Thomas*, 220 Ariz. at 294, ¶ 16. However, this Court reversed and remanded on the basis that the record revealed "genuine issues of material fact as to the *proper classification of the proceeds*." *Wright II*, 1 CA-CV 16-0492 FC, at *2, ¶ 12 (emphasis added). This Court made it clear that "to prevail on his claim that the proceeds were his separate property, Husband had to present clear and convincing evidence refuting this presumption." *Id.* at ¶ 8.

**¶13** In *Wright II*, this Court cited to *Thomas* for the proposition that "[p]arties who decide together to omit property from their divorce decree cannot then expect the dissolution court to resolve post-decree disputes relating to the property." *Thomas*, 220 Ariz. at 294, ¶ 15; *see Wright II*, 1 CA-CV 16-0492 FC, at *2, ¶ 14. We did so in the context of Husband's argument that the proceeds were not included in the decree because the parties had previously agreed to award them to Husband as his sole and separate property.

**¶14** It is undisputed that, absent a gift from Wife to Husband, the insurance proceeds would otherwise be classified as community property, as the policy was paid for with community funds. *See* A.R.S. § 25-211(A); *Sommerfield v. Sommerfield*, 121 Ariz. 575, 577 (1979). It is also undisputed the life insurance proceeds were omitted from the decree. To determine whether the funds were intentionally omitted, the court needed to decide whether Wife intended to gift the insurance proceeds to Husband. Section 25-318(D) states: "The community, joint tenancy and other property held in common for which no provision is made in the decree shall be from the date of the decree held by the parties as tenants in common, each possessed of an undivided one-half interest." If not a gift, and therefore properly characterized as community property, the insurance proceeds are held by the parties as tenants in common and otherwise subject to the court's authority.

**¶15** Nevertheless, this Court explained in *Wright II* that Wife was also not entitled to summary judgment and division of proceeds under A.R.S. § 25-318(D), because there was a genuine dispute as to whether the parties intended to omit the proceeds and solely award them to Husband.

*Wright II*, 1 CA-CV 16-0492 FC, at *2, ¶ 12. This did not shift Husband's burden to refute the presumption that the proceeds were community property. *Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979). The superior court did not err in requiring Husband to prove by clear and convincing evidence that Wife intended to gift him the proceeds. *See id.*

**¶16** Husband makes various arguments regarding Wife's credibility, citing her inconsistent testimony and changing positions as grounds for reversal of the superior court's ruling. Husband also requests this Court to reweigh the evidence and find that "the evidence, when properly weighed, supports that Wife gifted the proceeds to Husband." "Our duty on review does not include re-weighing conflicting evidence," and we "must give due regard to the trial court's opportunity to judge the credibility of the witnesses." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Instead, we view the facts in the light most favorable to upholding the superior court's ruling. *See Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

**¶17** Three elements are required to prove a gift has been made: (1) the donor must manifest a clear intent to give the gift to the party claiming to be the donee; (2) the donor must give the gift to the donee before the donor's death; and (3) the donee must take full possession and control of the property. *O'Hair v. O'Hair*, 109 Ariz. 236, 239 (1973).

**¶18** During the evidentiary hearing, Wife testified that she never intended to leave the proceeds out of the decree and gift the proceeds to Husband. As the superior court noted in its ruling, Wife testified that the only reason the proceeds were not included in the decree was because she believed they no longer existed; Husband told her he spent all the proceeds and used the money to pay people he had owed. Wife testified that she did not know Husband loaned the proceeds to his boss and a friend—which Husband did not dispute—and had Wife known this, she would have included the proceeds in the decree.

**¶19** During the mediation process, the parties filled out a questionnaire that asked Husband and Wife to list any separate property given to each party and any outstanding loans each party may have. Husband did not list the proceeds as his separate property, nor did he state that he had any outstanding loans. The superior court found that if the parties had agreed for Husband to receive the proceeds as his sole and separate property, then Husband could have listed the funds on his mediation questionnaire, and the proceeds would have then been included in the consent decree. The fact this property was omitted from the

questionnaire bolsters Wife's argument that the proceeds were not included in the decree because Husband told her the proceeds no longer existed.

¶20 Husband argues that it was unnecessary to include the proceeds in the questionnaire and decree because the parties had already agreed to award him the proceeds as his separate property in 2009, a year before divorce discussions. Husband alleged that when he received the check for the proceeds in 2009, the parties agreed the money would belong to Husband, and that Wife "would relinquish" the proceeds to Husband. However, this argument is contradicted by Husband's testimony. Although Husband claims the proceeds became his separate property in 2009, he also testified that at the time of dissolution in 2010, the proceeds were community funds, and Wife "absolutely" had a claim to them during the dissolution process. The proceeds could not have been gifted to Husband as his separate property in 2009 if Husband considered the funds to still be community property at the time of dissolution in 2010.

¶21 Additionally, although Husband argues that Wife allowed him to take full possession and control of the funds and deposit the proceeds into a bank account in his name alone, the parties maintained separate bank accounts and did not have a joint account to deposit the proceeds. There is sufficient evidence to support the superior court's finding that Wife did not intend to gift the life insurance proceeds to Husband, and that Husband failed to overcome the presumption that the proceeds were community property unaccounted for in the consent decree. We find no error.

¶22 Finally, Husband argues that the superior court erred in awarding Wife $150,000. Husband alleges that he had been repaid $74,015 of the $300,000 loan, which was in his bank account before the date the court entered the consent decree. Thus, Husband claims, these proceeds were awarded to Husband in the consent decree as "accounts in any financial institution currently in Husband's name which have been disclosed to Wife," and not property subject to division under § 25-318(D). Husband argues that Wife's half of the undivided portion of the loans should be amended to be $120,492.50. However, Husband failed to raise this argument below. In previous pleadings, Husband expressly stated that he "has *never* stated that the funds were in his bank account at the time of the entry of the Consent Decree," and he has even argued this fact to be "irrelevant." During the evidentiary hearing, Husband was asked if the proceeds were in his bank account "at the time of dissolution," and he answered "no." We generally do not consider issues raised for the first time

on appeal, and we decline to address this argument. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26-27, ¶ 13 (App. 2000).

II.      Proceeds Placed in 529 Education Accounts for the Parties' Children

**¶23**      Husband also argues the superior court exceeded its authority by appointing Wife as trustee over one of the 529 education accounts. The superior court held that "the Parties intended $200,000 of the Proceeds to be used for the Parties minor children's benefit." The court went on to order that Wife "be appointed as Trustee over one of the children's 529 accounts, and that [Husband] shall remain as Trustee over the other child's 529 account." "We review a trial court's legal conclusions, including questions of jurisdiction, de novo." *Thomas*, 220 Ariz. at 292, ¶ 8.[2]

**¶24**      Pursuant to A.R.S. § 25-318(D), the superior court only has the authority to divide property "for which no provision is made in the decree." The parties' decree awarded to Husband "[a]ny accounts in any financial institution currently in Husband's name which have been disclosed to Wife." During the evidentiary hearing, evidence was presented that Husband was named as the account owner for the 529 accounts, and Wife conceded the accounts listed Husband as the account owner. In her brief, Wife again concedes the accounts are in Husband's name, simply arguing that "she did not know the accounts were in Husband's name." The 529 accounts were also disclosed to Wife, she testified that she was aware of the existence of the 529 accounts, and she even assisted Husband in opening the accounts for their children. Thus, the 529 accounts were not omitted from the decree, and fit the category of sole and separate property awarded to Husband as "accounts in any financial institution" in Husband's name that "have been disclosed to Wife."

**¶25**      Wife argues that Husband's argument regarding the division of the 529 accounts was already dealt with by this Court in *Wright II*, and this Court's treatment of the 529 accounts and $300,000 remaining loans as one type of asset precludes Husband's argument. However, this Court never ruled that the 529 accounts and $300,000 in loans were to be treated

---

2      Section 25-311 vests the superior court with jurisdiction to hear and decide all matters raised under Title 25. *Weaver v. Weaver*, 131 Ariz. 586, 587 (1982). Section 25-318(D) grants the superior court the authority or power to allocate property that was omitted from the decree. *See Rural/Metro Corp. v. Ariz. Corp. Comm'n*, 129 Ariz. 116, 118 (1981) ("The terms 'jurisdiction' and 'power' are not synonymous when used in a legal sense.").

as a single asset. The 529 accounts were awarded to Husband in the decree as his sole and separate property, and the superior court exceeded its authority in appointing Wife as trustee to property that had already been divided. *See Weaver*, 131 Ariz. at 587 ("Title 25 defines the boundaries of a dissolution court's jurisdiction, and the court may not exceed its jurisdiction even when exercising its equitable powers."). We, therefore, vacate the superior court's ruling appointing Wife as trustee to one of the 529 accounts and direct the superior court to amend its ruling consistent with this decision.

## CONCLUSION

**¶26** For the foregoing reasons, we affirm in part and vacate in part. Wife requests attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we deny Wife's request. As the prevailing party, Wife is entitled to her costs on appeal upon compliance with ARCAP 21.

